Ingalls, J.
This action was brought by the plaintiff to recover upon a policy of insurance by which the defendant insured the plaintiff in the sum ■ of $500 upon an ice-house, which was destroyed by fire. Proofs of loss were furnished by the plaintiff to the defendant, within the time required by the terms of the policy, and the same were, without objection, retained by the latter. The only material question involved in this appeal seems to be whether Messrs. ISTeher and Carpenter, who negotiated such insurance as the agents ■ of the defendant, and in its behalf, were informed, previous to the making of .such contract, that the building thus insured was located upon leased land. The policy contains the following provision: “If the building insured stands on leased ground, and is not so represented to the company, and so expressed in the written part of the policy, then and in such case this policy shall be void.” The learned justice at the circuit submitted such question to the jury, by a ■charge, clear and impartial, upon the merits, and instructed them correctly in .regard to the question of law involved. The jury rendered a verdict in favor ■of the plaintiff, which the court refused to set aside, although a motion was *90 made by the counsel for the defendant for a new trial upon the minutes, and judgment was entered upon such verdict in favor of the plaintiff against the defendant. We cannot doubt the soundness of the legal proposition that if the defendant’s agents, Heher and Carpenter, possessed the knowledge at the-time the insurance was effected that the building was located upon leased-ground, the defendant would be concluded by such knowledge, although such-fact was not stated in the policy. The knowledge of the agents became, im legal effect, the knowledge of the defendant, and operated as a waiver of the condition contained in the policy, which condition is stated above. Van v. Schoick v. Insurance Co., 68 N. Y. 434; Bennett v. Buchan, 76 N. Y. 386; Bennett v. Insurance Co., 106 N. Y. 243, 12 N. E. Rep. 609. It seems unimportant how, where, or when such knowledge of the agent was acquired, if he possessed such knowledge at the time the premium was paid and the policy was issued. Couch v Insurance Co., 25 Hun, 469.
The evidence by which the plaintiff sought at the trial to establish knowledge in such agents of the fact that the building insured was located upon leased ground was not of that conclusive character which could be desired,, yet we think it was sufficient to justify the submission of the case to the jury for their determination, and to sustain the verdict rendered by them. We-have examined the case with care, and have reached the conclusion that the-facts are not such as to call for the granting of a new trial upon the merits. Cheney v. Railroad Co., 16 Hun, 415, 420; Morss v. Sherrill, 66 Barb. 21;. Rounds v. Railroad Co., 64 N. Y. 133; Payne v. Railroad Co., 83 N. Y. 572, 574. The witness Philip H. Heher, who was one of the defendant’s agents-in making the contract of insurance, testified as follows: “Question. Did you know that this block of ice-houses, of which this house formed one, stood upon Tibbetts’ ground? Answer. I couldn’t swear to a positive knowledge, never-having known or seen the lease; but only from general talk. Q. Was the-talk with the assured? A. I can’t remember any distinct talk with the assured about it. It was quite well known to the public generally.” Upon cross-examination by defendant’s counsel, this witness testified as follows:: “Question. The court seems to think that there is some discrepancy between-your testimony upon the direct and cross-examination, of that there was a-question about it; but I would like to ask you, for the instruction of the court and jury, whether at the time this policy was issued you had any knowledge-that this ice-house covered by this particular policy stood upon leased land. Answer. I don’t know that I had any particular knowledge of this particular-ice-house. My knowledge is general in regard to the Tibbetts property there-Q. That is, that there was a large amount of land on Green island owned by theTibbetts? A. Yes, sir. Q. And you knew this was a village lot, didn’tyou? A. I couldn’t say. Q. Did you know that this particular building covered by this-particular policy stood upon leased land? A. Ho more than I knew the others. In a general way is the only way I might know it, because 1 never saw theTibbetts lease. Q. Did any one ever tell you that this particular ice-house stood upon leased land? A. I don’t know if they did? Q. Ho one ever informed you? A. Hot that I remember of. Q. Did you have any knowledge of the fact? A. Hot unless this general knowledge that I did have that this Tibbetts prope'rty was leased property. It is not specific knowledge. I will confess I have no specific knowledge, if that is the question. I have no specific knowledge that there is any of this property leased, and yet I have general knowledge. Q. What do you mean by that? A. Here is business-comes into the office, and we say here is one of the Tibbetts leases. We understand generally that he had a great many leases, and had a good deal of property there, and this was of that property.” James H. Carpenter, a member of the firm of Heher & Carpenter, the defendant’s agents, was produced and examined as-a witness on the part of the plaintiff; and, after stating his relation to said, firm, and their appointment as the agents of the defendant, he further testi *91 fies as follows: “Mr. Brothers had insurance with our firm on this ice-house, , prior to the policy in suit, in the First National Fire Insurance Company of Worcester, Mass. We represent the company. I was over to Green island, and saw the ice-houses. I think they were all there that were there at the time of the fire when I saw them, which I believe were five. Question. Prior to the time that this policy was issued, did you know that this land belonged to Mr. Tibbetts?” Objected to, that under the complaint in this action it is not competent for the plaintiff to prove a waiver, and additionally that no particular time prior to the issuing of the policy is covered by the question. Objection overruled. Defendant excepts. “Answer. 1 can answer the question only in this way: I had a general knowledge that this building stood on leased land, and not any specific knowledge as to this particular lot.” Defendant moves to strike out the witness’ general knowledge. “ Question by the Court. Did your knowledge embrace this particular lot as you understood it? Answer. Yes, sir.” Upon cross-examination the witness stated: “Q. When this policy in suit was issued, did you know that this particular ice-house which was covered by this policy in suit stood upon leased ground? A. I don’t know that I can answer it better than I have already. Q. Did you know that the ice-house stood upon leased ground ? A. From general knowledge, I did.” Defendant moves to strike out the answer as not responsive,- and the court directed the witness to confine himself to the direct answer. “ The Witness. I don’t think I can answer any better then I did when Mr. Rhodes-asked me. I would use the same language in answering it. In connection with all the facts, I do not think either 1 yes ’ or * no ’ would be a proper answer.”
The" case shows that there was at the trial a severe struggle on the part of the counsel, respectively, upon this branch of the cause, and the witnesses were-pretty hardly pressed. It is not pretended that the plaintiff intentionally concealed the fact that the building was located upon leased ground, or that he did anything which was calculated to mislead the agents of the defendant, in regard thereto. The parties seem to have acted in entire good faith, when the insurance was effected. The knowledge which the agents possessed at the time the plaintiff applied for such insurance was sufficient at least to put-them upon inquiry in regard to such title, if they entertained any doubts upon the subject, which they probably did not at the time.
We do not think the omission to serve promptly upon the defendant notice-of the loss should be regarded, under the circumstances, sufficient to defeat-the plaintiff’s right to recover in this action. It appears that the proofs of loss were prepared by the agents of the defendant, and sent to the Phoenix agency, and were received, and retained without objection until the trial, when they were produced by the defendant upon the call of the plaintiff. It further appears that Neher and Carpenter resided, at the time the fire occurred, in the city of Troy, just across the Hudson river from where the building was situated, and were doubtless fully informed in regard to its destruction. Herman v. Insurance Co., 100 N. Y. 412, 3 N. E. Rep. 341; O'Reilly v. Corporation, 19 Wkly. Dig. 147. We have examined all of the exceptions taken by the defendant upon the trial, and discover no error which calls for a reversal of the judgment. It seems quite evident that substantial justice has been attained, and the judgment should be affirmed, with costs.
Learned, P. J., and Landon, J., concur.