Frank McNally et al., Appellants, *v*. The Phœnix Insurance Company, Respondent.

In reviewing a judgment for defendant entered upon a nonsuit, plaintiff is entitled to the benefit of every fact that the jury could have found from the evidence given and to every legitimate inference warranted by the proofs.

The conditions in a policy of insurance which operate upon the parties and the contract prior to a loss are matters of substance upon which the liability of the insurer depends, and in determining such liability the insurer is entitled to the benefits of the contract and may stand upon all its stipulations.

When, however, that liability has been fixed by a loss which is brought within its range, the insured may not be deprived of his right to indemnity by a narrow and technical construction of the conditions and stipulations which prescribe the formal requisites, by which that right is to be made available; on the contrary a liberal and reasonable construction of them should be given.

In an action upon a policy of insurance issued by defendant, one of the defenses was a breach of warranty in the application which described the building insured as "used as a storage ice house." The building was new at the date of the policy, it had been built for use as a storage ice house, but was burned before the owners commenced to use it and was unoccupied at the time of the fire. It appeared that one of the plaintiffs went to defendant's main office with one N., who held a mortgage upon the property insured, and was introduced by him to defendant's cashier, then in charge of the office. Said plaintiff stated that the building was in process of construction, not quite completed and not yet occupied or used, that when completed it was to be used as a storage ice house. The cashier stated that he could do nothing in the matter until the secretary arrived. Plaintiffs had no further negotiations but left the matter with N.; he signed the application, describing himself as agent; the policy was delivered to him. Plaintiffs were nonsuited. *Held*, error; that the jury might have found from the testimony that the officers of defendant had been fully informed prior to the execution or delivery of the application or policy of the actual facts, and upon this a waiver of the forfeiture could be based.

Also *held*, that the evidence tended to show that N. had no authority from plaintiffs to insert in the application the statement in question, and as it was not shown that plaintiffs in any way, with knowledge of the facts ratified this act, in the absence of evidence on the part of defendant, it would be reasonable to assume that the statement was inserted by mistake.

137  389
140  26
137  389
142  387
137  389
143  76
143  164
137  389
150  198

It appeared, that after receiving proofs of loss, defendant returned them for reasons specified, which were alleged irregularities in the proofs : it did not object that there was a breach of the warranty; one of the objections was that no magistrate's certificate accompanied the proofs ; the certificate was subsequently supplied by plaintiffs. *Held*, that a waiver of the breach as to occupancy might have been found.

By the policy it was provided that "a particular statement of the loss" signed and sworn to by the assured should be rendered to the company as soon as possible after the fire, and, "if required," a magistrate's certificate as to certain facts specified should be furnished. The claim as adjusted was to be "due and payable sixty days after the full completion by the assured of all the requirements" contained in the policy ; the policy also provided that no action should be maintained to recover the loss unless brought "within twelve months next after the fire shall have occurred." Proofs of loss were served on defendant June 17, 1885, ten days after the fire. They were returned by defendants with two objections, *i. e.*, that they omitted to state "such knowledge or information as the assured has been able to obtain as to the origin or circumstances of the fire," and, as above stated, that no magistrate's certificate was procured. The proofs furnished stated the time when the fire originated ; that it did not originate by any act, design or procurement on their part or in consequence of fraud or evil practice done or suffered by them ; that nothing had been done by or with their privity or consent to violate the condition of the policy or render it void, and that the building was entirely destroyed. On June 7, 1886, plaintiffs presented new proofs of loss with a magistrate's certificate, in the form prescribed in the policy. These proofs differed from the first in the statement as to the value of the property, which was less ; they were returned on the ground that they were served a year after the fire. On the same day this action was commenced. It was claimed that the action was prematurely commenced, as sixty days had not elapsed after compliance with the requirements of the policy. *Held*, untenable ; that the proofs of loss first furnished were a substantial compliance with said requirements, and the sixty days then commenced to run; that the magistrate's certificate was not necessarily part of the "particular statement of the loss; " that while plaintiffs were bound to furnish it, "if required," or use due diligence to procure it, the fact that it was not attached to the proofs when served, furnished no ground for returning them.

It appeared that plaintiffs applied to a magistrate of the town to make the certificate ; he declined. Plaintiffs then applied to another magistrate who was an attorney ; he, after keeping the papers three months, informed them that he was unable to make the certificate, as he had been retained as counsel for the defendant. Plaintiffs then applied to a third magistrate. At that time, however, there had been some negotiations in regard to a settlement, and a promise had been made to settle and

pay the claim if plaintiffs would bring the figures "down to hard pan," and in consequence of this the statement as to value was reduced. *Held*, that, under the circumstances, the delay in furnishing the certificate did not, as matter of law, defeat plaintiffs' cause of action, but presented a question of fact for the jury.

(Submitted January 18, 1893; decided February 28, 1893.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 14, 1891, which denied a motion for a new trial, overruled plaintiffs' exceptions, and ordered judgment in favor of defendant dismissing the complaint.

The nature of the action and the material facts are stated in the opinion.

*Matthew Hale* for appellants. The first ground of the motion to dismiss the complaint, that there was a breach of warranty, and that the policy was, therefore, void, is untenable. (*Van Schaick* v. *N. F. Ins. Co.*, 68 N. Y. 434; *Woodruff* v. *I. Ins. Co.*, 83 id. 133; *Short* v. *H. Ins. Co.*, 90 id. 16; *Haight* v. *C. Ins. Co.*, 92 id. 51; *Titus* v. *G. F. Ins. Co.*, 81 id. 410, 419; *Benninghoff* v. *A. Ins. Co.*, 93 id. 495, 502, 503; *Roby* v. *A. C. Ins. Co.*, 120 id. 510, 517.) The second ground of the motion for dismissal, namely, that the final proofs of loss were not furnished to the company, until the 7th day of June, 1886, a year from the time of the fire, was also untenable. (*N. Y. C. Ins. Co.* v. *N. P. Ins. Co.*, 20 Barb. 468.) The suit was not premature, and the third ground of the motion was, therefore, untenable. (*Mayor, etc.,* v. *H. F. Ins. Co.*, 39 N. Y. 45; *Steen* v. *N. F. Ins. Co.*, 89 id. 315; *King* v. *W. F. Ins. Co.*, 47 Hun, 1; *Turley* v. *N. A. F. Ins. Co.*, 25 Wend. 374; *Gilligan* v. *C. F. Ins. Co.*, 20 Hun, 93; 87 N. Y. 626; *Inman* v. *W. F. Ins. Co.*, 12 Wend. 452; *C. Ins. Co.* v. *Lawrence*, 2 Peters, 25; *Johnson* v. *P. Ins. Co.*, 112 Mass. 49; *Worsley* v. *Wood*, 6 T. R. 710; *O'Neil* v. *B. F. Ins. Co.*, 3 N. Y. 122; *Barnum* v. *M. F. Ins. Co.*, 97 id. 188–194; *Young* v. *Hunter*, 6 id. 203, 207, 208; *Winch* v. *M. B. I. Co.*, 86 id. 618.)

*James* and *Thomas H. Troy* for respondent. The assured was bound to furnish a certificate under the hand and seal of a magistrate if required by the defendant. On application to the defendant for such blanks as the defendant might require to be used in making proofs of loss, the defendant furnished as a part thereof a blank certificate to be filled out and signed by the magistrate. This was a requisition and was not complied with. (*Jube* v. *B. F. Ins. Co.*, 28 Barb. 412.) The policy required proofs to be made immediately after the fire. For this reason alone the complaint should be dismissed. (*Carpenter* v. *G. A. F. Ins. Co.*, 23 N. Y. S. R. 51; *Brown* v. *L. A. Co.*, 40 Hun, 101; *Jube* v. *B. F. Ins. Co.*, 28 Barb. 412.) The statement in the written application and the statement in the policy, taken separately or together, describe an occupied building, and constitutes a warranty under the clause in the policy. (*Parmelee* v. *H. F. Ins. Co.*, 54 N. Y. 193; *Wall* v. *E. R. M. Ins. Co.*, 7 id. 370; *Merwin* v. *S. F. Ins. Co.*, 7 Hun, 659; 72 N. Y. 603; *Foot* v. *Æ. L. Ins. Co.*, 61 id. 571; *Chaffee* v. *C. C. M. Ins. Co.*, 18 id. 376; *Chase* v. *H. Ins. Co.*, 10 id. 52; *Ripley* v. *Æ. Ins. Co.*, 30 id. 136; *Wood* v. *H. F. Ins. Co.*, 13 Conn. 544; *Burritt* v. *S. M. F. Ins. Co.*, 5 Hill, 188; *Birmingham* v. *E. Ins. Co.*, 42 Barb. 457; *Walton* v. *A. Ins. Co.*, 116 N. Y. 317; *Sarsfield* v. *M. Ins. Co.*, 61 Barb. 478; *Pierce* v. *E. Ins. Co.*, 62 Barb. 636; *Kennedy* v. *St. L. C. M. Ins. Co.*, 10 Barb. 285; *Smith* v. *E. Ins. Co.*, 25 id. 497; *Jube* v. *B. F. Ins. Co.*, 28 id. 412; *Shoemaker* v. *G. F. Ins. Co.*, 60 id. 84; *Jennings* v. *C. C. M. Ins. Co.*, 2 Den. 75; *Alexander* v. *G. F. Ins. Co.*, 66 N. Y. 464; *Halpin* v. *P. F. Ins. Co.*, 118 id. 166.) Parol evidence to change the contract and warranty was not admissible. (*Ripley* v. *Æ. Ins. Co.*, 30 N. Y. 136; *Kennedy* v. *St. L. C. M. Ins. Co.*, 10 Barb. 385; *Smith* v. *E. F. Ins. Co.*, 25 id. 285; *Jennings* v. *C. C. M. Ins. Co.*, 2 Den. 75; *Alexander* v. *G. F. Ins. Co.*, 66 N. Y. 464; *Walton* v. *A. Ins. Co.*, 116 id. 317.) As a matter of fact the premises were never occupied; the representation as to occupation, therefore, was untrue, the warranty was false, and the

policy was void, and for this reason the complaint should have been dismissed. (*Ripley* v. *Æ. Ins. Co.*, 30 N. Y. 136; *Sarsfield* v. *M. Ins. Co.*, 61 Barb. 478; *Pierce* v. *E. Ins. Co.*, 62 id. 636; *Alexander* v. *G. F. Ins. Co.*, 66 N. Y. 464; *Herman* v. *A. F. Ins. Co.*, 85 id. 162; *Street* v. *H. Ins. Co.*, 90 id. 16; *Longworthy* v. *O. & O. Ins. Co.*, 85 id. 632; *Halpin* v. *P. Ins. Co.*, 118 id. 166; *Walton* v. *A. Ins. Co.*, 116 id. 317; *Barry* v. *P. Ins. Co.*, 35 Hun, 601.) On the trial, without claiming either fraud or mistake, without any allegation in the complaint that would justify a reformation of the contract, they offered testimony to repudiate it and establish a different contract and subject of insurance from that declared on, an unoccupied instead of an occupied ice house, an unused building instead of one in use. Such evidence was inadmissible. (*Birmingham* v. *E. Ins. Co.*, 42 Barb. 457; *Kennedy* v. *S. L. C. M. Ins. Co.*, 10 id. 285; *Shoemaker* v. *G. F. Ins. Co.*, 60 id. 84; *Jennings* v. *C. C. M. Ins. Co.*, 2 Denio, 75; *Alexander* v. *G. F. Ins. Co.*, 66 N. Y. 464; *Herman* v. *A. F. Ins. Co.*, 85 id. 162; *Maher* v. *H. Ins. Co.*, 67 id. 283; *Walton* v. *A. Ins. Co.*, 116 id. 317.) The plaintiffs, by offering this evidence to sustain their action, the court in regarding it as material and receiving it for that purpose, thereby concur in the conclusion that without it the action could not be maintained, and if under those circumstances it was improperly admitted, the error may be rectified by sustaining the subsequent dismissal of the complaint, although such dismissal was placed upon another, different and entirely sufficient ground. (*Shoemaker* v. *G. F. Ins. Co.*, 60 Barb. 84.) The company had thirty days after completion of proofs in which to determine whether to pay or rebuild. No action could be maintained until the expiration of the time which the company had to determine or decide. (*Steen* v. *N. F. Ins. Co.*, 89 N. Y. 315.)

O'BRIEN, J. The plaintiffs sought to recover upon a policy of insurance for $2,500, issued May 2, 1885, upon a building situated on the shores of Gravesend bay, which was destroyed

by fire June 7, 1885, or a little more than a month after the insurance was effected.

At the close of the plaintiffs' testimony on the trial the court, upon the motion of counsel for the defendant, granted a nonsuit, to which the counsel for the plaintiffs excepted, after having requested that the case be submitted to the jury. The motion for a nonsuit was made and granted upon three grounds:

1. That there was a breach of the warranty in the policy that the building was occupied at the time of the insurance.

2. That the final proofs of the loss were not furnished until June 7, 1886, a year from the time of the loss.

3. That this suit was commenced on the same day that the final proofs of loss were served, and as the claims were not due, by the terms of the policy, until sixty days after compliance with all the requirements thereof, the action was premature.

In reviewing a judgment upon a nonsuit the plaintiffs are entitled to the benefit of every fact that the jury could have found from the evidence given, and to every legitimate inference that is warranted by the proofs. This disposition of a cause by the trial court is never warranted unless it appears that the plaintiff is not entitled to recover, after giving him the benefit of the most favorable view that a jury would be warranted in taking of the evidence. The plaintiffs' theory with respect to the facts, so far as they are supported by evidence, must be deemed to be established, and where inferences are to be drawn from facts and circumstances, not in themselves certain or incontrovertible, it is generally for the jury and not the court.

It appears from the evidence that one of the plaintiffs applied for the insurance directly at the principal office of the company in Brooklyn, and it was not procured through any local agent. He was introduced to a person in charge of the office and who, it seems, was the defendant's cashier. He stated to him the amount of the insurance required; that the building was in process of construction, not quite complete,

and not yet occupied or used ; that when complete it was to be used as a storage ice-house. The policy was not then procured, but the cashier made a memorandum of something, told him he would not do anything in the matter until the secretary arrived, and to call in a few days after. It seems that the party who introduced him to the officers of the company had an office in the same building, and had some claim upon the property which was the subject of insurance by way of mortgage. This mortgage, however, was paid off by the owners before this suit was commenced, and no question was made in regard to it upon the trial as an obstacle to the right of the plaintiffs to recover. The circumstance is important now only as it tends to show that the party thus introducing the owners or one of them to the defendant, and to whom the policy was afterwards delivered, was perhaps as much interested in procuring the insurance as the plaintiffs themselves. It does not appear that any of the plaintiffs had any further negotiations with the company prior to issuing the policy, but they left the matter with Nostrand who had or was about to take the mortgage, and who had opened the transaction by introducing one of the owners and had himself one or more interviews with some of the defendant's officers in regard to the matter, representing, as he says, himself and his interest as well as the owners. The policy was delivered to him on the day of its date, and on the same day Nostrand, describing himself as agent, signed a written application in which the building is described as " used as a storage ice house." The building was entirely new and at the date of the policy and at the time of the fire was unoccupied. The evidence tended to show that the building was constructed and intended for use in the business of receiving and storing ice to be transferred by boat down the Hudson river, but was destroyed before the owners commenced to use it for that purpose.

Notwithstanding the statement in the application and in the policy as to the use and occupancy of the building the jury might have found, from the testimony, that the officers of the defendant had been fully informed prior to the execution or delivery of the

application or the policy of the condition of the subject of the insurance with respect to its use and occupancy, and of all the facts bearing upon the nature of the risk, and if the company had knowledge before the contract was made that the building was not quite completed, and was neither used nor occupied that would be evidence upon which to base a waiver on its part of the condition that the policy should become forfeited in case of non-occupation. When a policy is issued with full knowledge on the part of the underwriter of facts in direct conflict with the statement on the same subject in the application it is reasonable to assume that there was no intention to insist upon the condition, or claim a forfeiture under it. ( *Van Shoick* v. *Niagara Fire Ins. Co.*, 68 N. Y. 434; *Richmond* v. *Niagara Fire Ins. Co.*, 79 id. 230; *Woodruff* v. *Imperial Ins. Co.*, 83 id. 133; *Short* v. *Home Ins. Co.*, 90 id. 16; *Haight* v. *Continental Ins. Co.*, 92 id. 51; *Bennett* v. *North British Ins. Co.*, 81 id. 273; *McCall* v. *Sun Mut. Ins. Co.*, 66 id. 517.)

If it be true that when the contract was made the defendant had knowledge that the building was in fact unoccupied it is necessary to presume that the statement in the application and in the policy to the contrary was inserted by mistake in order to relieve it from the imputation of a fraudulent intent to deliver and receive pay for an invalid instrument, or that it intended to hold itself estopped from setting up a breach of the condition or warranty as a defense. If an action to reform the contract was necessary, as to which we now express no opinion, it is sufficient to say upon this appeal that no such point was made at the trial. It appeared that after the defendant had received the proofs of loss from the plaintiffs that it returned the same for the reason, among others, that a magistrate's certificate, required by the policy as to certain facts which will be hereafter noticed, was not attached and which was subsequently supplied by the plaintiffs. If the defendant at the time intended to avail itself of the breach of the warranty above referred to this requirement was, of course, wholly unnecessary; and when an insurance company,

with knowledge of all the facts constituting a breach of a condition or a warranty, requires the assured by virtue of the contract to do some act or incur some trouble or expense the forfeiture is deemed to have been waived, as such requirement is inconsistent with the position that the contract has ceased to exist and consistent only with the theory that the obligations of the contract are still binding upon both parties. (*Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410, 419; *Benninghoff* v. *Agricultural Ins. Co.*, 93 id. 495; *Roby* v. *American Central Ins. Co.*, 120 id. 510.)

The written application was made, as we have seen, by a person who assumed to act as agent of the plaintiffs, and in their absence the policy was written and delivered to him, and the testimony tended to show that he had no authority from the plaintiffs to insert such a statement in the application or the policy. It was not shown that the plaintiffs in any way, with knowledge of the facts, ratified this act and, in the absence of any evidence on the part of the defendant, it would be reasonable to assume that the statement in the application and in the policy as to the occupancy of the premises was the result of some mistake either on the part of the agent or the company. *Benninghoff* v. *Agricultural Ins. Co. (supra)*.

In this condition of the case it could not be held as matter of law that the policy was forfeited for breach of the conditions, or that it was rendered void by a breach of the warranty. The two other grounds specified in the motion for a nonsuit may be considered together. Both are based upon the proofs of loss and matters occurring after the fire, and here it may be proper to note a manifest distinction to be observed in giving construction to the two classes of conditions to be found in a policy of insurance. Those conditions which operate upon the parties and the contract prior to the loss, such as the condition and situation of the property and the relations of the insured to it, and all statements and representations preceding the contract, are matters of substance, upon which the liability of the insured depends. Such stipulations are important, as their general object is to define and determine the

limits of the risk assumed and to point out the conditions and circumstances under which the insurer has agreed to become liable in case of loss. Those conditions are to receive a fair construction according to the intention of the parties. These conditions which relate to matters after the loss have, for their general object, to define the mode in which an accrued loss is to be established, adjusted and recovered, after the reciprocal rights and liabilities of the parties have become fixed by the terms of the contract, and are to receive a more liberal construction in favor of the insured. In determining the liability of the defendant it is entitled to the benefit of its contract fairly construed and can stand upon all of its stipulations. But when its liability has become fixed by the capital fact of a loss, within the range of the responsibility assumed in the contract, courts are reluctant to deprive the insured of the benefit of that liability by any narrow or technical construction of the conditions and stipulations which prescribe the formal requisites by means of which this accrued right is to be made available for his indemnification. If, in this case, a right of action accrued to the plaintiff, by reason of the destruction of the property by fire on the 7th of June, 1885, a liberal and reasonable construction of the stipulations of the contract which prescribe the formal acts on the part of the insured, necessary to the recovery of the loss, is sanctioned and required by the rules of law. (May on Insurance [3d ed.], § 217; *Hinman* v. *Hartford Fire Ins. Co.*, 36 Wis. 159; *McLaughlin* v. *Washington County Mutual Ins. Co.*, 23 Wend. 525; *Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417; *Kratzenstein* v. *West Ass. Co.*, 116 id. 54; *Hoffman* v. *Ætna Ins. Co.*, 32 id. 405.)

The policy in question contained the following conditions: That the assured " shall give immediate notice of the loss, in writing, to the company." * * * " A particular statement of the loss shall be rendered to the company at their office as soon after the fire as possible, signed and sworn to by the assured, stating such knowledge or information as the assured has been able to obtain as to the time, origin and circumstances

of the fire, *  *  * and shall, if required, furnish a certificate, *  *  * under the hand and seal of a magistrate nearest to the place of the fire, not concerned in the loss as creditor or otherwise, nor related to the assured, stating that he has examined the circumstances attending the loss, knows the character and circumstances of the assured, and verily believes that the assured has honestly sustained loss on the property herein described to the amount which such officer shall certify. *  *  * The adjusted claim under this policy shall be due and payable sixty days after the full completion by the assured of all the requirements herein contained." Proofs of loss were prepared by the plaintiffs upon blanks furnished by the defendant, and sworn to as required, and were served on the defendant June 17, 1885, ten days after the fire. Those proofs were returned by the defendant with two objections only. (1) That they omitted to state "such knowledge or information as the assured has been able to obtain as to the origin or circumstances of the fire ; " and (2) That no magistrate's certificate was procured. No objection was made to the proofs on the ground that they were too late, and if they were sufficient in other respects it cannot be said as matter of law that they were not served in time, especially in view of the fact that the policy is silent as to the time within which they should be furnished. The plaintiffs were doubtless bound to furnish them within a reasonable time, and no claim was or can be made that a delay of ten days was, as matter of law, under the circumstances, unreasonable. If the proof of loss served on the 17th of June, 1885, was a substantial compliance with the terms of the policy, the sixty days commenced to run from that date and the action was not premature. It will be seen that the magistrate's certificate is not one of the absolute requirements of the policy. The plaintiffs were doubtless bound absolutely to furnish the particular statement of the loss, and were bound to furnish the certificate, " *if required.*" The company could call for it or not, as it deemed necessary. It could call for it at any time before payment, unless waived, and when called for the assured could comply with the demand

in a reasonable time and before the commencement of the action. It was not necessarily a part of the "particular statement of the loss." It was a certificate that could be made on a separate paper, and while the defendant had the right to require it and the plaintiffs were bound to furnish it, or use due diligence to procure it, the fact that it was not attached to the proofs of loss when served furnishes no ground or reason for returning these papers. The company could call for the certificate, but had no right to discard the proofs of loss served for that purpose, if they were sufficient in other respects. The certificate was something that the company could require, but it was not an absolute requirement of the policy to be complied with before the sixty days began to run, and had the defendant failed to call for it the proofs would have been perfectly good without it. (*Jones* v. *Howard Ins. Co.*, 117 N. Y. 103.)

The requirements of the policy that the assured should in the proof state such knowledge or information as they were able to obtain with reference to the origin and circumstances of the fire, were substantially though, perhaps, not literally complied with in the first proofs of loss. It was there stated "that the fire originated about eleven o'clock on Sunday night, June 7, 1885, and that said building was entirely destroyed. That said fire did not originate by any act, design or procurement on their part or in consequence of fraud or evil practice done or suffered by them; nothing has been done by or with their privity or consent to violate the conditions of the policy or render it void." The plaintiffs proved at the trial that they in fact, had no knowledge or information whatever as to the origin and circumstances of the fire and all that they could say further than they did would be a statement of the absence of such knowledge, which would certainly be a compliance with the requirement. (*Jones* v. *Howard Ins. Co., supra.*) But the policy did not require the plaintiffs to state that they had no such knowledge or information. It only required from the plaintiffs as full a statement on this point as, without fraud on their part, they were able to furnish and, therefore, the statement in the proofs

was sufficient. (*Bumstead* v. *Dividend Mut. Ins. Co.*, 12 N. Y. 81.) The defendant, therefore, did not change the situation by returning the proofs of loss, but it did require the certificate of a magistrate, which was not furnished till the 7th day of June, 1886, just one year from the date of the fire. On that day the plaintiffs presented new proofs of loss, with a certificate in the form required by the policy. The new proofs differed from the old as to the statement of the value of the property, which was less than in the first proof, but the plaintiffs' testimony tended to show that the value was thus reduced in consequence of some negotiations for settlement with officers and agents of the company, from which they expected that if the claim was reduced it would be settled and paid. They also contained the negative statement that the plaintiffs had no knowledge or information nor any means of knowledge or information in regard to the origin and circumstances of the fire. The defendant returned all of these papers with only one specific objection, namely, that they were served a year after the fire and loss. If the proofs of loss first served were sufficient, then the service of the last papers was a superfluous act that may have been induced by the promise or hope of a settlement, but would not necessarily extend the sixty day limit which was fixed by service of proofs, in compliance with the policy, nearly a year before. In this view the proofs served on the day the action was commenced raise only the question of diligence in procuring the certificate of the magistrate. The other papers were unnecessary, because the requirements of the policy had already been complied with in that regard, but the certificate had not yet been furnished, though called for on the preceding eighteenth of June. The failure for nearly a year to procure this certificate, if unexplained, might be held to be a failure to comply with a provision of the contract necessary to establish the loss. But here again the testimony tended to show that the plaintiffs applied to three magistrates in the town for the certificate. I am not aware of any provision of law which requires an officer to give such a certificate. It is quite con-

ceivable that cases may occur where the assured would be unable to procure the certificate, and if he could not, after reasonable diligence, it would be a harsh rule that would deprive him of his cause of action for that reason.

The first magistrate to whom the plaintiffs applied finally declined to make the certificate on the ground that he was not sufficiently familiar with the property or the facts. The second one happened to be a lawyer, who, after keeping the papers some three months, informed the plaintiffs that he was unable to make the certificate as, in the meantime, he had been retained as counsel for the other side. On the third application to a magistrate, the plaintiffs succeeded in obtaining the certificate, but in the meantime there was some talk between the plaintiffs and defendant's secretary in regard to a settlement, and one of the witnesses states that he promised to settle and pay the claim if the plaintiffs would bring their figures " down to hard pan," and in the new proofs the figures were reduced. Under these circumstances, the delay in procuring the certificate did not, as matter of law, defeat the plaintiffs' cause of action.

Whether the conduct of the plaintiffs with respect to the certificate was diligent or unreasonable was a question for the jury. There is a provision of the policy to the effect that no action shall be maintained to recover the loss unless brought " within twelve months next after the fire shall have occurred." The limitation did not date from the time of the loss, as in some cases, but from the time of the fire. This action was brought on the last day of the twelve months. The plaintiffs evidently preferred to meet the defense that the suit was premature, rather than wait another day and then be obliged to encounter the other horn of the dilemma that they were too late. It is quite clear that the plaintiffs could not delay the bringing of the suit any longer without meeting with an obstacle that would be quite difficult, if not impossible, to overcome, and the other conditions of the policy should be so construed in connection with the short Statute of Limitations as to avoid such a dilemma if possible, and at the same time

give the fullest possible effect to all. (*Mayor, etc.,* v. *Hamilton Fire Ins. Co.,* 39 N. Y. 45.)

The answer of the defendant charges fraud of the most serious nature on the part of the plaintiffs, but as no evidence was given on the part of the defendant, it is impossible to say what the merits of the claim are. It may be that upon a full trial and with all the facts fully investigated, some of the defenses interposed may be established. All we hold now is, that upon the record before us the case was not so clearly with the defendant as to justify a nonsuit.

The judgment should, therefore, be reversed and a new trial granted, costs to abide the event.

Andrews, Ch. J., Finch and Maynard, JJ., concur. Earl, Peckham and Gray, JJ., dissent.

Judgment reversed.