(11 Misc. Rep. 513.)

### SOLOMON v. CONTINENTAL INS. CO.

(Superior Court of New York City, General Term. March 4, 1895.)

INSURANCE—NOTICE OF LOSS—EXCUSABLE DELAY.

It is a question for the jury whether a delay of 53 days after loss in giving notice thereof under the policy, which required immediate notice in writing of any loss, is excusable where it appears that the policy was in the safe of the insured, the contents of which, when opened 6 days after the fire, were placed in a vault in the building in which plaintiff, who was the assignee for benefit of creditors of the insured, had his office, and plaintiff testifies that he searched among the papers for policies of insurance, but failed to find them; that afterwards, by chance, he found the missing policy; which had slipped between the framework of the pigeon holes and the wall of the vault, whereupon the notice was given; that he could procure no information from the insurance agents through whom his assignor procured his insurance, or from his assignor, who was dead at the time of trial. McAdam, J., dissenting.

Appeal from jury term.

Action by George Solomon, as assignee for the benefit of creditors of Henry Thoesen, against the Continental Insurance Company on a policy of fire insurance. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before SEDGWICK, C. J., and McADAM and BEEKMAN, JJ.

Abram Kling, for appellant.

Michael H. Cardozo, for respondent.

BEEKMAN, J. The plaintiff sues to recover a loss under a policy of insurance against fire issued by the defendant. The policy was for the sum of $2,500, and covered certain merchandise contained in the buildings 797 and 799 Third avenue. The language of the policy required the assured to give the company immediate notice, in writing, of any loss, in case of fire. A fire took place on the 15th day of December, 1893, which resulted in the total destruction of the buildings above referred to, and their contents, including the merchandise of the assured. Notice of loss in writing, however, was not given to the company by the assured until February 6, 1894, some 53 days after the fire had occurred.

At the close of the plaintiff's case, the trial judge dismissed the complaint on the ground, among others, that the notice in question was not immediate; which was duly excepted to by the plaintiff, and an appeal has been taken by him from the judgment of nonsuit. If no other facts were before us, we should unhesitatingly affirm the judgment, on the ground that a notice 53 days after the event is obviously not immediate. But the plaintiff has tendered proof in excuse of the delay, and it therefore becomes our duty to consider whether it was of such a character as to call for the submission of its reasonableness to the jury. Where the plaintiff is nonsuited, the evidence offered by him must be taken to be true, and considered in the light most favorable to his claim, and if there is proof from which an inference might be drawn by the jury which would support his contention it is the duty of the appellate

court to reverse the judgment and send the case back for a new trial. It appears that the policy in question had been originally taken out by one Henry Thoesen, who subsequently made an assignment for the benefit of creditors to the plaintiff. Application was made to the defendant for the transfer of the policy in suit to the plaintiff, which was accordingly done. The policy, with others upon the same property issued by other companies, was placed in a safe which was in the same building with the merchandise, and which was buried in the ruins of the fire, from which it was taken six days later, and removed to the yard of a safe manufacturer, where it was opened, the contents placed in boxes, transferred to a building in which the plaintiff had an office, and there placed in a vault suitable for the storage of papers. This deposit was made late in the evening of the day on which the safe was opened. The next morning plaintiff instituted a search among the papers for the policies of insurance, but failed to find them. He states that his search was a thorough one, and was repeated several times, but without success. In the last week in January, the bookkeeper of the plaintiff, having occasion to get some articles from the vault, by chance found the missing policies, which had slipped between the framework of the pigeonholes and the wall behind, and were thus screened from ordinary observation. They were then taken by the plaintiff to the office of his attorney, and the company was notified by letter of the loss. The letter in question is dated February 3d, and was received by the company on February 6th. On February 13th the company wrote to the plaintiff, acknowledging the receipt of the notice, but refusing to recognize it as a sufficient compliance with the terms of the policy, on the ground that it was not given until more than 50 days after the fire, whereas the policy required it to be immediate. On the same day that the above notice of loss was given, the proofs of loss required by the policy to be furnished by the assured were also received by the company. The plaintiff swears that he did not know that he was insured in the defendant company, or what the terms and conditions of his policy were, until the latter was found. He knew that the policy had been obtained by Barbour & Durbrow, who for several years had been the insurance agents of Thoesen, and he called at their office the day after the fire for information, but was referred to Mr. Barbour, who was not in. Subsequently, he says, Mr. Thoesen, who was then acting as his clerk, called upon these insurance agents, but with what result does not appear; and as Mr. Thoesen had died before the trial his testimony upon this point was not available. The plaintiff also testified that there was no record in any of the books belonging to the estate of which he was assignee containing any mention of the insurance from which the names of the companies would appear. He also stated that he called a second time upon the insurance agents relative to the insurance, but it does not appear why he failed to get the information he sought. He nowhere states that it was refused him, or that the agents were unable to give it to him. He simply did not obtain it. It must be confessed that the evidence upon this point is quite unsatisfac-

tory.   Proof was also given that the defendant was informed by the fire patrol, on the morning after the fire, that the buildings in question and their contents had been totally destroyed.   This information was conveyed in a printed sheet containing a list of all the fires of the previous day, which it is the daily practice of the fire patrol to furnish to the insurance companies.   The item which called attention to the fire in question was noted by the officers of the defendant, and the fact that the policy in suit had been issued upon goods within the burned buildings was discussed in the office. While the knowledge thus obtained was not as complete as it would have been if the buildings had been the subject of the risk, owing to the fact that it required to support it the further inference that the goods insured were within the place when the fire occurred, still it cannot be said that the information was not sufficient to prompt such action by the company as it would have considered prudent to take for its protection if notice of loss had proceeded from the assured.

Upon this state of facts the plaintiff claims that he was entitled to go to the jury upon the question as to whether his delay in giving notice of loss was excusable.   The law governing the case, briefly stated, is that, while a compliance with such a provision is a condition precedent to a recovery upon the policy, the requirement is to be liberally construed in favor of the assured;  and while the delay in giving the notice, standing by itself, and disconnected from the circumstances explaining it, would be a clear violation of the obligation that the notice should be immediate, yet where the explanation given is of such a character as to show diligence on the part of the assured in attempts to comply, associated with the fact that the company was possessed of actual knowledge of the loss immediately after its occurrence, or where the company had assumed a position or done some act which either prevented timely notice being given or had misled the assured in reference thereto, or which was tantamount to a waiver of strict performance, a case is presented which excuses the delay.   Brothers v. Insurance Co. (Sup.) 3 N. Y. Supp. 89;  Weed v. Insurance Co., 133 N. Y. 394, 31 N. E. 231;  Hermann v. Insurance Co., 100 N. Y. 412, 3 N. E. 341;  Kendall v. Insurance Co., 2 Thomp. & C. 375, affirmed 58 N. Y. 682;  Griffey v. Insurance Co., 100 N. Y. 417, 3 N. E. 309;  McNally v. Insurance Co., 137 N. Y. 389, 33 N. E. 475;  Carpenter v. Insurance Co., 135 N. Y. 298, 31 N. E. 1015;  Bumstead v. Insurance Co., 12 N. Y. 81.

In McNally v. Insurance Co., supra, O'Brien, J., says:

"These conditions which relate to matters after the loss have, for their general object, to define the mode in which an accrued loss is to be established, adjusted, and recovered after the reciprocal rights and liabilities of the parties have become fixed by the terms of the contract, and are to receive a more liberal construction in favor of the insured.  In determining the liability of the defendant, it is entitled to the benefits of the contract fairly construed, and can stand upon all of its stipulations.  But when its liability has become fixed by the capital fact of a loss within the range of the responsibility assumed by the contract, courts are reluctant to deprive the insured of the benefit of that liability by any narrow or technical construction of the conditions and stipulations which prescribe the formal requisites by means of which this accrued right is to be made liable for his indemnification.  A

liberal and reasonable construction of the stipulations of the contract which prescribe the formal acts on the part of the insured necessary to the recovery of the loss is sanctioned and required by the rules of law."

Applying this rule, the courts have held that the words "forthwith" or "immediate," when used in reference to the notice of loss, mean within a reasonable time considering the circumstances of each case; and an examination of the cases shows that notices required to be "immediate" or "forthwith" have been upheld although not served until after a lapse of time following the fire exceeding that of the case at bar. The latest decisions of the court of appeals have settled it that the question is one to be determined by the jury. Griffey v. Insurance Co., 100 N. Y. 417–421, 3 N. E. 309; McNally v. Insurance Co., 137 N. Y. 389–402, 33 N. E. 475; Carpenter v. Insurance Co., 135 N. Y. 298–303, 31 N. E. 1015. The case of Quinlan v. Insurance Co., 133 N. Y. 356, 31 N. E. 31, upon which the respondent relies, presents a case where no notice of loss was served at all, and in which the proofs of loss were not supplied until months after the 60-days limitation in the policy had expired.

We are aware that the cases we have cited are much stronger in their facts, and show greater evidence of diligence, than the case at bar, but still we cannot say that the evidence before us is so deficient that, with every inference which it is permissible for the jury to draw from it, a verdict for the plaintiff should not stand. We do not think the other grounds upon which the motion for a dismissal was made are tenable. In view of the conclusion to which we have come, the judgment should be reversed, and a new trial ordered, with costs to abide the event.

SEDGWICK, C. J., concurs.

McADAM, J. I dissent from the conclusion reached by my associates. The action is founded on an allegation of performance of the condition of the policy that, "if fire occur, the insured shall give immediate notice of any loss thereby to this company." The proofs do not sustain the allegation, nor could a finding by the jury to that effect be sustained. The facts being undisputed, the question of what constituted timely notice was one of law for the court (Van Tassel v. Insurance Co., 72 Hun, at pages 146, 147, 25 N. Y. Supp. 301), and was, in my opinion, correctly decided by it,—a conclusion which ought to lead to affirmance.