## McCONNELL v. MORSE IRON WORKS & DRY DOCK CO.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

1. MASTER AND SERVANT—SAFE APPLIANCES.

Under the direct provisions of Laws 1897, p. 467, c. 415, § 18, it is the duty of a master, employing a servant to make alterations in a factory which necessitate the use of a ladder, to furnish a ladder which is not unsafe.

2. APPEAL—NONSUIT—REVIEW.

In reviewing a judgment granting a nonsuit, the plaintiff is entitled to the benefit of every fact which the jury could have found from the evidence.

3. SAME—NEGLIGENCE—EVIDENCE.

In an action for the death of a servant, caused by the breaking of a ladder, evidence *held* to justify submission to the jury of the issue of defendant's negligence.

4. INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

In an action for the death of a servant, caused by the breaking of a ladder, evidence *held* to justify submission to the jury of the issue of decedent's contributory negligence.

Appeal from Trial Term, Kings County.

Action by Sarah McConnell, as administratrix of Matthew McConnell, deceased, against the Morse Iron Works & Dry Dock Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Thomas F. Magner, for appellant.

Eugene Lamb Richards, Jr., for respondent.

RICH, J. Plaintiff's intestate at the time of the accident complained of was employed by defendant as helper to one Wilson, a steam fitter, also in defendant's employ. On the day of the accident they were engaged in removing a water pipe which ran along one of the side walls of defendant's blacksmith shop, 17 feet above the floor, and parallel with a line of shafting making 122 revolutions per minute, 2½ or 3 feet out from the wall, and 3 or 4 feet

nearer the floor than this water pipe. In order to remove the pipe, it became necessary to cut it into two pieces, and orders were given Wilson, who directed deceased to do this. Two ladders were used in this work—one by the deceased and the other by Wilson; they having been placed in position by Wilson and another of defendant's employés during the absence of the deceased, who was directed to mount one of them. The evidence tends to show that the ladder upon which deceased was engaged was 15 inches wide, 18 feet long, constructed by nailing slats to two parallel pieces of scantling, and was described as being old, worn, and broken; the rungs being worn about halfway through. It is claimed that plaintiff's intestate lost his life in consequence of the breaking of this ladder, which was in a weak and defective condition, and not of sufficient capacity to sustain his weight—about 145 pounds. After listening to the evidence on the part of the plaintiff, the learned trial court dismissed the complaint, and we are now asked to determine the correctness of this ruling.

Wilson, the only witness to the accident, testified that he was on the ground, about a foot from the bottom of the ladder upon which deceased was working, when he heard breaking wood overhead, and instantly, upon looking up, saw deceased with one hand holding to the ladder, "and then, instantly, as I was watching him, he fell backward toward the shaft, and then there was another instant, perhaps, and somehow he seemed to catch onto the shaft and go over like that [indicating]."

It was the duty of the defendant to provide a ladder which should not be unsafe, upon which plaintiff's intestate was to perform his labor. Laws 1897, p. 467, c. 415, § 18.

In reviewing a judgment upon a nonsuit, the plaintiff is entitled to the benefit of every fact that the jury could have found from the evidence given. McNally v. P. Ins. Co., 137 N. Y. 389, 394, 33 N. E. 475. And I think it might have found from the evidence of Wilson that the ladder was in an unsafe condition, and that its breaking precipitated deceased upon the shaft; and it was error not to submit the case to the jury. The question of contributory negligence on the part of the deceased was also one for the jury. Laws 1902, pp. 1748, 1749, c. 600, §§ 1, 2.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.