MARUM v. GRANITZ.

(Supreme Court, Appellate Term.   June 25, 1909.)

1. COURTS (§ 190*)—MUNICIPAL COURT OF NEW YORK—REVIEW—DECISION ON NONSUIT.

A cause tried in the Municipal Court before a justice without a jury is governed by the rule that in reviewing a judgment upon a nonsuit a plaintiff is entitled to the benefit of every fact that the jury could have found from the evidence given and to every legitimate inference warranted by the proofs.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. BROKERS (§ 88*)—ACTION FOR COMMISSION—SUFFICIENCY OF EVIDENCE.

In an action by a real estate broker for commissions, evidence held sufficient to go to the jury.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 128–129; Dec. Dig. § 88.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Edward M. Marum against Max Granitz.  Judgment of dismissal, and plaintiff appeals.  Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Eugene Cohn and Julius Cohn, for appellant.

Davis & Kaufmann, for respondent.

MacLEAN, J.  The plaintiff claimed for services rendered as broker, under employment by the defendant, in procuring purchasers ready, able, and willing to purchase a certain saloon and liquor business from, and at the price and upon the terms proposed by, the defendant, and so set forth his claim in his complaint.  The defendant interposed a general denial, and at the close of the plaintiff's case moved for dismissal, mainly upon the ground that the minds of the parties never met, and his motion was granted over the exception by the plaintiff.

This cause, although tried before a justice without a jury, was a law cause before a justice sitting as judge and jury, and so governed by the same rules of law, including the trite: ᵒ

"In reviewing a judgment upon a nonsuit, the plaintiffs are entitled to the benefit of every fact that the jury could have found from the evidence given, and to every legitimate inference that is warranted by the proofs. This disposition of a cause by the trial court is never warranted, unless it appears that the plaintiff is not entitled to recover, after giving him the benefit of the most favorable view that a jury would be warranted in taking of the evidence." McNally v. P. Ins. Co., 137 N. Y. 389, 394, 33 N. E. 475, 476.

Reviewing the judgment herein in manner as above stated, it appears that the plaintiff, in December, 1908, asked the defendant if his store was for sale, saying that he had a prospective purchaser, and that the defendant told him to go ahead and see what he could do, and that he would ask $3,500 for the store.  Such was the authorization and the terms.  Ten days or two weeks later he called and informed

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the defendant that he had a buyer or buyers, and named them—
Simon Bros. The defendant said, "All right; bring them here," and
the next day he brought them, but at the request of the defendant all
further negotiations were postponed until after the holidays. On the
Monday after New Year's he went with the prospective buyers to the
defendant and said that they were ready to close the deal; but the
defendant said he had another offer of $3,750, whereupon the plain-
tiff said he would exert himself to persuade Simon Bros. to come up
to that figure. On January 6th Simon Bros. and the plaintiff called
again and told the defendant that they were ready to buy the store
for $3,750, and the defendant said, "Very well; how about the stock?"
It was agreed that the stock should be taken over at cost; but as the
defendant wanted cash for the stock, and as the prospective purchas-
ers were not then prepared for the additional sum, they left, saying
they would pay cash also for the stock, which would probably amount
to the sum of $3,300. On January 9th Simon Bros. and the plain-
tiff and one Cohn, an attorney at law, called and were informed by
the defendant of another customer, brought by another broker, to
whom he was fearful he might have to pay a commission, whereupon
the plaintiff said he would give him an indemnity bond and that Simon
Bros. would hold him harmless. The defendant was satisfied, and
told Cohn to write out such a bond and a bill of sale; the inventory
of the stock to be taken the following week. On the Monday follow-
ing the plaintiff brought the indemnity bond and bill of sale, and the
defendant said, "All right," and that he would go down and get the
lease for transfer and communicate with the landlord. On the eve-
ning of the same day the defendant requested a postponement for
another week. This was consented to. On January 18th the defend-
ant again requested a week's delay, and on January 25th the defend-
ant said he had made up his mind to make the transfer on February
1st, but on Tuesday morning following (January 28th) the plaintiff
called the defendant over the telephone and requested him to sign
the bill of sale, as he had before requested, and the defendant said,
"If you are so insistent, call the deal off," and there it ended. In view
of this testimony of the plaintiff and his witnesses, uncontradicted
and unopposed, and entitled to every favorable inference, the case
was not so clearly with the defendant as to justify a nonsuit. The
judgment must therefore be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellant
to abide the event. All concur.