## ROBINSON v. SUN INS. OFFICE.

(Supreme Court, Appellate Term, First Department.   May 5, 1915.)

1. INSURANCE ☞597—FIRE INSURANCE—STIPULATIONS—VALIDITY.

A stipulation in a fire policy that a loss shall not become payable until 60 days after notice, ascertainment, estimate, and proof of loss, including award by appraisers, if appraisers are required, is reasonable, and a compliance therewith is a condition precedent to an action on the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1493; Dec. Dig. ☞597.]

2. INSURANCE ☞668—FIRE INSURANCE—PROOF OF LOSS—STIPULATIONS IN POLICY.

Where insured, in a fire policy stipulating that a loss shall not be payable until 60 days after notice, ascertainment, estimate, and proof of loss, including award of appraisers, if required, sustained a loss on November 20th, and furnished on December 12th a statement of loss, and on January 8th, following, insurer demanded production for examination of books of account, bills, invoices, etc., and on March 12th insured delivered to insurer invoices, and two days later insurer demanded an appraisal, a ruling that as a matter of law insured had complied with the policy, and that insurer, by waiting more than 60 days after December 12th to demand an oral examination, was precluded therefrom, was erroneous.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1732–1770; Dec. Dig. ☞668.]

Appeal from City Court of New York, Trial Term.

Action by Blanche Robinson against the Sun Insurance Office. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed, and new trial ordered.

Argued March .term, 1915, before ·LEHMAN, HENDRICK, and COHALAN, JJ.

Alexander & Green, of New York City (R. E. & A. J. Prime, of New York City, of counsel), for appellant.

Sol De Young, of New York City (Leon M. Prince, of New York City, of counsel), for respondent.

COHALAN, J.   Plaintiff sued upon a standard fire insurance policy, and in her complaint she alleged full compliance with all the conditions of the policy on her part to be performed.   On the trial it appeared:   (1) That the plaintiff did not comply with the defendant's demand for an examination under oath, and for the submission of bills, invoices, and other proper vouchers, as provided in the policy; and (2) that the plaintiff did not consent to an appraisement after demand, as required by the term of the policy.   The fire occurred on November 20, 1912.   On December 12, 1912, a statement of plaintiff's loss in the sum of $1,207.25 was served upon the defendant.   On January 8, 1913, the defendant required the plaintiff to produce for examination "all books of account, bills, invoices, and vouchers, or certified copies of same, if originals be lost," and, "until production of the same, the alleged proof of loss is held subject to your order."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] The preliminary proofs of loss were not returned to the defendant, owing to the illness of the plaintiff, until February 14, 1913. At that time 60 days had elapsed from December 12, 1912, the date of the original filing of the proofs of loss, and no attempt on the part of the plaintiff had been made to comply with the demand of January 9, 1913. The policy provided that the loss shall not become payable "until 60 days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required shall have been received by this company, including an award by appraisers, if appraisers have been required. * * *" This was a reasonable provision of the policy, and the courts have held that compliance with it is a condition precedent to the right to maintain an action upon the policy. Hicks v. British American Assurance Co., 162 N. Y. 284, 56 N. E. 743, 48 L. R. A. 424; Daniel Quinlan v. Providence Washington Ins. Co., 133 N. Y. 356, 31 N. E. 31, 28 Am. St. Rep. 645; James O'Brien, Sheriff, v. Commercial Fire Ins. Co., 63 N. Y. 108.

[2] The trial court held that the proofs of loss originally submitted constituted in law a full compliance with all the requirements of the policy, and that by waiting more than 60 days after December 12, 1912, to demand an oral examination, the defendant was precluded therefrom. This would undoubtedly be the case under the authority of McNally et al. v. Phœnix Ins. Co., 137 N. Y. 389, 33 N. E. 475; but the situation in this case is different. Here there was a demand on January 9, 1913, for additional proofs, whereas in that case the proof was not defective with respect to the property lost or its value. In the case at bar the plaintiff last visited the defendant's office on March 12, 1913, at which time she delivered to the defendant further invoices in compliance with the demand for the appraisal of January 8, 1913, and it appears that the demand for an appraisal was made upon the plaintiff on March 14, 1913.

All of the defendant's proof with regard to its demand for an examination under oath and for an appraisement was excluded by the trial court, and the jury was instructed that the original proof of loss submitted by the plaintiff was in law a complete proof of loss as required by the policy. It cannot be held, therefore, that it was left to the jury to determine whether or not there was a substantial compliance by the plaintiff with the policy requirements, including the production of books of account, bills, invoices, and vouchers, or that the jury by their verdict have so determined.

Judgment reversed, and new trial ordered; costs to appellant to abide the event. All concur.