S. AND E. MOTOR HIRE CORPORATION, Plaintiff, v. NEW YORK INDEMNITY COMPANY, Defendant.

Supreme Court, New York County, June —, 1929.

*Engelhard, Pollack, Pitcher & Stern [G. H. Engelhard of counsel], for the plaintiff.*

*Everett W. Bovard, for the defendant.*

COTILLO, J. In this action a trial by jury was waived and the parties stipulated that the court should direct a verdict, with the same force and effect as if a jury was present, and findings of fact and conclusions of law were waived.

The plaintiff is a domestic corporation engaged in the business of letting automobiles and automobile trucks to persons for hire. The defendant is also a domestic corporation engaged in the liability insurance business. On or about the 11th day of December, 1923, the defendant duly issued to the plaintiff its automobile policy No. M-28008, whereby it agreed to indemnify the plaintiff " against loss from liability imposed by law upon the assured on account of bodily injuries, whether resulting fatally or not, suffered or alleged to have been suffered, within the policy period, by any person or persons by reason of the ownership, maintenance or use of any of automobiles " controlled by the plaintiff. The policy contained the following provision: " The company shall not be liable under this policy for accidents occurring while the automobiles are being operated by any person in violation of law as to age."

On the 18th day of October, 1924, one of the plaintiff's automobiles, while driven by one Harry Green, an employee of the plaintiff, ran down and injured one Charles Nelson. Nelson instituted a suit in the Supreme Court, New York county, against the plaintiff. It is conceded by the defendant that it was duly notified of the accident and that it received the summons from the plaintiff and employed counsel and undertook the defense of the action. It is further conceded that as a result of such proceedings in the action a judgment was entered against the plaintiff in favor of Nelson in the amount of $10,000, and that the plaintiff, with the knowledge and consent of the defendant, satisfied the judgment by the payment of $10,054. The plaintiff now sues to recover the amount of the judgment which it paid.

The sole ground on which the defendant resists payment is that the plaintiff's claim is not within the terms of the policy, because at the time of the accident the plaintiff's chauffeur, who caused the accident to Nelson, was under eighteen years of age; hence, was operating the truck in violation of law as to age, the age limit for chauffeurs being fixed at eighteen by the Highway Law (§ 282, subd. 2, added by Laws of 1910, chap. 374, as amd. by Laws of 1924, chap. 360).*

On the trial the defendant proved that Green, the chauffeur of plaintiff, was born on December 12, 1906; so that on the day of the accident he was less than eighteen years old. The defendant by this proof thus established its defense, unless, as plaintiff claims and sets up in its reply, the defendant when it undertook the defense of the Nelson case waived the benefit of the " exclusion " based on the chauffeur's age.

* Repealed by Laws of 1928, chap. 867. See Vehicle and Traffic Law, § 20.— [Rep.

The general rule in this State is to the effect that an insurer, who is by the policy required to defend actions brought against an insured, and who with *knowledge of the violation by the insured of a condition subsequent in the policy*, nevertheless undertakes to defend such an action, waives the benefit of the condition and will not thereafter be allowed to abandon the defense or to disclaim liability to the assured. This rule is well established by a long line of decisions in this State. But it must be shown that at the time of the waiver the company had knowledge of the facts constituting the forfeiture. (*Glens Falls Cement Co.* v. *Travelers Insurance Co.*, 11 App. Div. 411, 414; *McNally* v. *Phœnix Ins. Co.*, 137 N. Y. 389; *Roby* v. *American Central Ins. Co.*, 120 id. 510; *Trippe* v. *Provident Fund Soc.*, 140 id. 23; *Titus* v. *Glens Falls Ins. Co.*, 81 id. 410.)

In the present case the correct age of the chauffeur was not obtained by the defendant until the date of trial, and immediately upon obtaining such information it disclaimed its liability and notified the plaintiff of such disclaimer. The first notice to the defendant of an accident is a statement of the chauffeur prepared in the office of the plaintiff by an employee of the latter, in which the chauffeur's age is given as eighteen years. A second statement taken by the defendant's agent and signed by the chauffeur gives the age as twenty. Upon this the plaintiff is endeavoring to bring this action within the decision of *Reynolds* v. *Commerce Fire Insurance Co.* (47 N. Y. 597). I am unable to hold that these two statements were enough to put the defendant upon sufficient notice to call for an inquiry. The plaintiff having failed to prove a waiver on the part of the defendant, and the defendant having proved a violation of the condition of the policy, judgment is, therefore, directed for the defendant. Thirty days' stay and sixty days to make a case.