### ROBERTSON *v.* NEW HAMPSHIRE INS. CO. OF MANCHESTER.

### SAME *v.* INSURANCE CO. OF PENNSYLVANIA.

*(Superior Court of Buffalo, General Term.* December 30, 1891.)

INSURANCE—CONDITIONS OF POLICY—EVIDENCE OF WAIVER.

In an action on an insurance policy, it appeared that defendant's agent took part in the adjustment of the loss with the representatives of other companies, and examined the books, and determined the amount of loss, and the damage to the property saved, and practically agreed on the discount which should be made on the stock of goods. *Held* that, under these circumstances, the question whether defendant waived its right under the policy to call for an examination of plaintiff, and of her books, and for the appraisal of the property by appraisers selected by the parties, was properly submitted to the jury, and their verdict should not be disturbed on appeal.

Appeal from trial term.

Actions by Louisa Robertson against the New Hampshire Insurance Company of Manchester, and the Insurance Company of Pennsylvania, respectively, on a policy of insurance. Plaintiff had judgment, and defendants appeal. Affirmed.

Argued before BECKWITH, C. J., and TITUS, J.

*L. N. Ames,* for appellant. *Lewis & Moot,* for respondent.

PER CURIAM. The appeal in this case and in the case against the Insurance Company of Pennsylvania involves substantially the same questions. The principal ground of error alleged by the appellants is that the court should have granted the defendants' motion for a nonsuit, and decided, as a matter of law, that the conditions contained in the policy had not been waived. There is some evidence from which the jury might find that the companies, by their duly-authorized agent, intended to and did waive the conditions of the policy which authorized the company to call for an examination of the plaintiff, and of her books, and for the appraisal of the property by appraisers selected by the parties. The loss resulted from a fire which spread over quite an extensive territory, and destroyed a large amount of property, and originated a block or more away from the plaintiff's place of business. It is not claimed, nor does the evidence warrant it, that the plaintiff in any way contributed to the loss, or by her conduct neglected to do all that was necessary and proper to preserve the property or such portion of it as was saved from the fire, nor was it claimed on the trial that the plaintiff did not sustain the amount of loss for which the verdict was obtained. The defendants' agent took part in the adjustment of the loss, with the representatives of other companies, and examined the books, and determined the amount of loss and the damage to the property saved, and practically agreed upon the discount which should be made on the stock of goods. Under these circumstances, we think the delay on the part of the defendants in calling for the examinations authorized by the policies warranted the submission of the question of waiver to the jury, and, as they have found against the defendants on that proposition, the verdict should not be disturbed. The judgment must be affirmed, with costs.