(15 Misc. Rep. 263.)

## DAVIS v. GRAND RAPIDS FIRE INS. CO.

(Superior Court of Buffalo, General Term.  December 23, 1895.)

1. INSURANCE—ACTION ON FIRE POLICY—COMPLAINT.
    In an action on a fire policy the complaint stated the issuance of the policy, described the property in the same words used in the policy, and made it a part of the complaint.  The policy required sole ownership by plaintiff, the written consent of defendant to be attached to the policy in the event that interests other than those possessed by the insured existed, and that the property should be assured's own, held in trust, but not removed.  *Held*, that such requirements formed part of the complaint, and both together showed that plaintiff was owner or holder in trust of the property when the insurance was effected, and that he would be presumed to continue as owner or holder, in the absence of anything on the policy to show that any one else had acquired or held an interest in it.

2. PLEADING—AMENDMENT ON APPEAL.
    In an action on a fire policy, where the evidence establishes sole ownership in plaintiff, the complaint may be amended on appeal to conform to such fact, if essential to support the judgment.

3. INSURANCE—PROOFS OF LOSS—SUFFICIENCY.
    In an action on a fire policy for goods totally destroyed by fire, it appeared that defendant, in objecting to the proofs of loss, required plaintiff to make a complete inventory, stating quantity and quality of each article, and amounts claimed thereon, and the cash value of each item and amount of loss thereon; that plaintiff replied claiming that, as the goods not specified in the proofs of loss were burned, there was an impossibility of compliance in that respect, and the parties would be, of necessity, relegated to the books to determine it; and that, as to the goods not burned, defendant's representative and plaintiff's made an inventory. *Held*, that the proofs of loss were not open to the objection that plaintiff failed to comply with the requirements of the policy.

4. SAME—INCUMBRANCES.
    Where proofs of loss state that the property belonged to the assured, and no other person or persons had any interest therein, they state, in effect, that there was no incumbrance on it.

5. SAME—CONDITIONS—BREACH.

In an action on a fire policy giving the company the option to take all or any part of the articles insured at an appraised value "within a reasonable time, on giving notice, within thirty days after the receipt of the proof herein required, of its intention to do so," it appeared that the fire occurred November 10th; that the company was immediately notified; that the proofs of loss were dated November 29th, and received by the company December 5th; that plaintiff sold the goods at auction November 29th; that notice of the sale was published in the daily papers three days before the sale; that defendant was notified of it by telegram; that several people were at the sale; that defendant's agent had previously taken an inventory; that no demand for any other appraisement was made; and that, by the terms of the policy, plaintiff could not abandon the property to defendant. It did not appear that the goods were worth more than the price obtained. *Held,* that there was not such breach of the condition of the policy as worked a forfeiture.

Appeal from trial term.

Action by Isaac Davis against the Grand Rapids Fire Insurance Company, Grand Rapids, Mich., on a fire insurance policy. From a judgment entered on the verdict of a jury in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendant appeals. Affirmed.

Argued before HATCH and WHITE, JJ.

Adelbert Moot, for appellant.

Moses Shire, for respondent.

HATCH, J. We have read with care the voluminous record in this case, and with interest the exhaustive discussion of the testimony in the brief submitted by the learned counsel for the appellant; and, while we find much testimony and some basis for suspicion respecting the entire integrity of the claim of loss and its extent, we are constrained to hold that plaintiff's claim did not lack a sufficient support of testimony to present a question of fact for the jury to decide, upon all the essential features requisite to find the verdict in his favor. It might be of interest to the parties, if not satisfying to each, to here set down the testimony and process of reasoning by which we reach this result, but it would prove of little value and establish no precedent.

Respecting plaintiff's interest in the property, the complaint was sufficient. It states the issuance to plaintiff of the policy, describes the property insured in the same words as used therein, and makes the same a part of the complaint. Reference to the eleventh clause in the policy shows that its requirement was unconditional and sole ownership; and by the fifty-sixth clause the written consent of the company is required to be attached or appended to the policy in the event that interests other than those possessed by the insured exist. Referring to the language descriptive of the property and its owner-ship, the requirement is that it shall be his own, held in trust, but not removed. These requirements are to be construed as forming a part of the complaint, and, in substance, the allegations and policy show that the plaintiff was owner or holder in trust of the property when the insurance was effected; and that he so continued as owner or holder will be presumed, as nothing appeared upon the policy to show

that any one else held or had acquired any interest therein at any time. If, however, the rule were different, the evidence establishes sole ownership in the plaintiff, and it would now be our duty to amend the complaint to conform thereto, if essential to support the judgment. Harris v. Tumbridge, 83 N. Y. 92.

In defendant's motion for a nonsuit, at the close of the plaintiff's case, and more especially at the close of the proof, it is claimed that plaintiff had failed to show compliance with the conditions of the policy subsequent to the fire in several particulars. It is not denied but that notice of the fire was immediately given at the agency from which the policy issued, and, if we assume that this was insufficient, it appears, in fact, that this notice was brought home to the company, and that, in fact, their representative was at the scene of the fire shortly after it occurred. The proofs of loss bore date November 29, 1893, and were stamped as received by the company on December 5th. The fire occurred November 10th. In respect, therefore, to the notice of the fire and the time of filing proofs of loss, there was a substantial compliance with the requirements of the policy. The proofs of loss were retained by the defendant without objection, so far as the record shows, until January 2, 1894, nearly a month from time of reception, when a letter was written objecting to the same, and requiring further proof in that regard. It has been settled that retaining proofs of loss without objection is a waiver of any defects contained therein. Keeney v. Insurance Co., 71 N. Y. 396. And where the company retained proofs of loss for a period of 23 days, and then returned them, coupled with circumstances showing want of good faith on the part of the company, it was held that the jury were authorized to find a waiver of the conditions. Paltrovitch v. Insurance Co., 143 N. Y. 73, 37 N. E. 639. The rule would therefore seem to be that where proofs of loss are retained or held for a time, and then returned, dependent somewhat upon the particular circumstances of the case, it may be made a basis for the jury to find a waiver of compliance with the conditions.

The first objection which the company made required plaintiff to make a complete inventory, stating quantity and cost of each article, and amounts claimed thereon; also cash value of each item, and amount of loss thereon; all incumbrances thereon, and any changes in the title, use, occupation, location, possession, or exposure of the property since the issuing of said policy. The plaintiff replied to the first two objections, under date of January 9th, claiming that, as the goods not specified in the proof of loss were burned, there was an impossibility of compliance in that respect, and that the parties would be, of necessity, relegated to the books to determine it; as to the third, that the proofs stated there was no incumbrance; and the last, that there had been no change. Reference to the proofs of loss shows that the claim as stated was based upon the inventory of purchase, goods since purchased, labor on made-up garments, less the sales, profits thereon, and what was realized upon the sale of stock after the fire. The claim being for goods absolutely destroyed by the fire, the proofs of loss could not practically contain an itemized statement of them, and plaintiff was right in insisting that impossi-

bilities were not required, and that the clause in the policy related to goods saved from the fire, not those that were burned.   As to those not burned, defendant's representative made an inventory, in company with a representative of plaintiff.   The first two objections were therefore without merit.   The proofs stated that the property belonged to the assured, and no other person or persons had any interest therein.   This was a practical statement that there was no incumbrance upon the property.   The last ground of objection is found stated in the proofs of loss in nearly the identical words of the objection.   It therefore appears with some clearness that the objections to the proofs of loss authorized the jury to find that defendant waived whatever of defects there were.

It is further claimed that plaintiff violated the provisions of the policy in selling the goods.   It appeared that the goods were sold at auction on November 29th, Tuesday; that notice of the auction was published in two daily papers on the Saturday prior thereto; that the defendant was notified by telegram of the sale (at what particular time does not appear); and that there were several people at the sale.   The goods which survived the fire brought at such sale $250.   Prior to this time the inventory by defendant's agent had been taken, and the kind, quality, and value of these goods were then known.   No demand for any other appraisement had then been made, or was ever thereafter made, and it does not appear from any witness for defendant that the goods were worth more than the price at which they sold.   Plaintiff claims they brought all they were worth.   The clause in the policy provides that "it shall be optional, however, with this company, to take all, or any part, of the articles at such ascertained or appraised value, * * * within a reasonable time, on giving notice, within thirty days after the receipt of the proof herein required, of its intention so to do."   No claim is made that the option here provided for was ever exercised, or attempted to be exercised, or that any notice of such intention was ever given.   The basis upon which this step could be taken existed because the value had been ascertained, the proofs of loss were served, and, if defendant proposed to exercise its right, it had the reserved 30 days in which to do it.   The fact that plaintiff sold before the expiration of the time did not at all affect the right of the defendant to demand compliance with this condition.   But, before it could put plaintiff in default of a violated condition, it must have itself taken steps to show that it wished to avail itself of the option.   Not having done that, plaintiff is not in fault for selling.   He was required to do something, as, by the express provisions of the policy, he could not abandon the property to defendant.   It is therefore sufficient to say that defendant did not create the condition which could be violated by plaintiff; consequently there was no violation of any condition. And, in addition, defendant is not shown to have been prejudiced by anything that was done in this regard.   The principle of the decision in McNally v. Insurance Co., 137 N. Y. 389, 33 N. E. 475, applies to this case; and, in view of it, we do not think there has been such departure from the terms and conditions of the policy as will work a forfeiture.

We have examined the other exceptions in the case, but are unable to see error therein. The judgment and order appealed from should therefore be affirmed, with costs.