JOSEPH GLAZER, Appellant, *v.* HOME INSURANCE COMPANY, Respondent.

1. PLEADING — ACTION UPON POLICY OF FIRE INSURANCE — SUFFICIENCY OF ALLEGATION OF WAIVER OF SERVICE OF PROOFS OF LOSS. Where the complaint, in an action to recover the amount of a loss under a fire insurance policy alleged generally that the plaintiff had fulfilled all the conditions of the policy on his part and then alleged that sixty days and more before the commencement of the action the plaintiff served upon the defendant, as the proofs of loss, a complete inventory of the property destroyed and injured, with the quantity and cost of each article and the amount claimed thereon, and that the same was retained by the defendant without objection and that no further proof was required or furnished, such allegation is a sufficient statement of facts which, if proved, would establish that the defendant had waived strict compliance with the terms of the policy requiring the plaintiff to furnish formal verified proofs of loss; the complaint was sufficient, therefore, to enable the plaintiff to avail himself of a waiver if proven.

2. SAME — WHEN QUESTION OF WAIVER OF PROOFS OF LOSS PROPERLY SUBMITTED TO THE JURY — WHEN FINDING THAT SUCH PROOFS WERE WAIVED BY THE INSURER SUPPORTED BY THE EVIDENCE. Where the only dispute between the defendant and the plaintiff, before the commencement of the action on the policy, was in regard to the amount of

the damages, and the paper sent to and received by the defendant gave to it all the information that it could receive from the most formal proofs furnished in strict conformity with the policy, it was a question of fact for the jury to determine whether the defendant by retaining the paper without any objection until the sixty days had expired, by using it for the purpose of identifying the property and ascertaining for itself the amount of the damage to the various articles covered by the policy and then entering upon negotiations based upon the contents of the paper for a settlement of the claim, did not lead the plaintiff to believe that no further proofs of loss would be required, and so waived their service; and a finding thereon, that the defendant waived strict compliance with the terms of the policy, cannot be said to be unsupported by any evidence.

3. PROOF OF LOSS. A requirement that proofs of loss shall be furnished is a condition in a policy that becomes operative after the capital fact of a loss and, unlike some of the other conditions in policies, it is to be liberally construed in favor of the insured.

*Glazer* v. *Home Ins. Co.*, 113 App. Div. 235, reversed.

(Argued November 1, 1907; decided November 19, 1907.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 11, 1906, affirming an order of the Appellate Term, which reversed a judgment of the New York City Court in favor of plaintiff entered upon a verdict and granted a new trial.

The facts, so far as material, are stated in the opinion.

*Roger Foster* and *Sigmund S. Rotter* for appellant. By its acceptance and retention of the proofs of loss without objection, its immediate subsequent inspection of the damaged property and the place where the fire occurred, its repeated offers of less than the claim, which were accompanied by a reference to those proofs during the protracted negotiations, and its final tender of a sum in full settlement, the insurance company waived every defect and omission in the documentary proofs to which it would otherwise have been entitled. (*Hicks* v. *B. A. A. Co.*, 162 N. Y. 284; *P. Ins. Co.* v. *Lewis*, 63 Ill. App. 228; *Brink* v. *H. F. Ins. Co.*, 80 N. Y. 108; *Sutton* v. *A. F. Ins. Co.*, 41 Atl. Rep. 537; 188 Penn. St. 380; *D. H. Ins. Co.* v. *Dowdall*, 159 Ill. 179; *H. F. Ins.*

*Co.* v. *Enoch*, 96 S. W. Rep. 393 ; *F. W. Ins. Co.* v. *Irwin*, 23 Ind. App. 53 ; *Railway Officials & Employees* v. *Beddow*, 23 Ky. L. Rep. 1438 ; *McManus* v. *W. Assur. Co.*, 22 Misc. Rep. 269 ; *P. F. Ins. Co.* v. *Alley*, 61 S. E. Rep. 812.) Even if the inventory should be held not to be informal proof of loss, the conduct of the defendant waived any and all proofs of loss. (*Dobson* v. *H. F. Ins. Co.*, 86 App. Div. 115 ; *Woodell* v. *P. M. L. Ins. Co.*, 79 S. W. Rep. 1090 ; *Sidebotham* v. *M. F. Assn.*, 41 Wash. 436 ; *A. Ins. Co.* v. *Jacobson*, 105 Ill. App. 283 ; *Condon* v. *D. M. M. H. Assn.*, 94 N. W. Rep. 477 ; *Walker* v. *P. Ins. Co.*, 156 N. Y. 628 ; *Petit* v. *G. Ins. Co.*, 98 Fed. Rep. 800 ; *Eaton* v. *Wells*, 82 N. Y. 576 ; *Murphy* v. *Ins. Co.*, 70 Mo. App. 78 ; *G. S. & L. Co.* v. *E. L. Assur. Co.*, 13 Manitoba, 531.) The objection to the sufficiency of the plaintiff's pleading was untenable. (*Clemens* v. *A. F. Ins. Co.*, 70 App. Div. 435 ; *Petit* v. *G. Ins. Co.*, 98 Fed. Rep. 800 ; *Hurt* v. *E. L. Assur. Co.*, 122 Fed. Rep. 828 ; *Richardson* v. *Ins. Co.*, 57 Mo. 413 ; *McCullough* v. *Ins. Co.*, 113 Mo. 606 ; *Murphy* v. *Ins. Co.*, 70 Mo. App. 78 ; *Burgess* v. *M. T. M. Ins. Co.*, 114 Mo. 169.)

*Alfred B. Nathan* for respondent. The trial court erred in allowing the plaintiff to prove waiver of the conditions of the policy under his plea of performance. (*Todd* v. *U. C. Co.*, 70 App. Div. 52 ; *Alexander* v. *O'Hare*, 48 App. Div. 402 ; *Tribune* v. *Eisner*, 34 Misc. Rep. 658 ; 70 App. Div. 174 ; *Oakley* v. *Morton*, 11 N. Y. 30 ; 4 Joyce on Ins. § 3683 ; *Weeks* v. *O'Brien*, 141 N. Y. 202 ; *Ryer* v. *P. Ins. Co.*, 85 App. Div. 9 ; 1 Clement on Fire Ins. 447 ; *Hennessey* v. *M. L. Ins. Co.*, 74 Conn. 699 ; *McCoy* v. *I. S. Ins. Co.*, 107 Iowa, 80 ; *D. H. Co.* v. *Johnson*, 47 Kans. 1.) There was not sufficient proof of waiver of the conditions of the policy requiring formal proofs of loss to be served by the plaintiff to go to the jury on that question and the reversal of the Appellate Term and the affirmance below on this point were correct. (*Richards* v. *C. Ins. Co.*, 47 N. W. Rep. 350 ; *Ins.*

*Co.* v. *Matthews*, 65 Miss. 314; *Ins. Co.* v. *Sorsby*, 60 Miss.
313; *Warner* v. *Ins. Co. of N. A.*, 1 Walker [Pa.], 315;
*Knudson* v. *H. Ins. Co.*, 75 Wis. 198; *Leigh* v. *S., etc., Ins.
Co.*, 37 Mo. App. 548; *Gibson* v. *Ins. Co.*, 159 N. Y. 418;
*Armstrong* v. *Ins. Co.*, 130 N. Y. 560; *Weed* v. *Ins. Co.*,
116 N. Y. 106; *Allen* v. *Ins. Co.*, 95 App. Div. 86; Vance
on Ins. 374, 377.)

O'Brien, J. The plaintiff sought to recover the amount of
a loss under a fire insurance policy. The action was brought
in the City Court of New York city. The policy insured the
plaintiff against loss or damage of certain articles of furniture
and personal property contained in the dwelling house where
he lived, the building also containing the store in which his
business was transacted. There was a fire in the building and
some of the furniture was damaged, but not wholly destroyed.
The whole controversy arose from a dispute between the par-
ties with respect to the amount of damages. There were
negotiations between the parties looking towards a settlement
after the fire. The plaintiff claimed $250, and the defendant's
adjuster who examined the property insured offered to settle
the claim for $38, which was refused.

After three trials and at least as many appeals, with vary-
ing and conflicting results, the case comes here upon an appeal
by the plaintiff, by permission of the court below, from a
judgment of the Appellate Division, which affirmed an order
of the Appellate Term reversing a judgment in favor of the
plaintiff entered upon a verdict in his favor for $235, and an
order denying a motion by the defendant for a new trial.
The defendant succeeded upon the appeals in upsetting the
verdict upon one or both of two theories, which may be stated
as follows: (1) That the plaintiff having alleged full perform-
ance of the conditions of the policy could not have been
allowed to prove a waiver of the conditions on the part of the
defendant, and this presented a question of pleading. (2) That
even though the plaintiff was entitled to give such proof,
under the condition of the pleadings the proof actually given

was not sufficient to authorize the jury to find any waiver; and so the finding was without evidence to sustain it.

The defense was based entirely upon the omission of the plaintiff to present the proofs of loss required by the policy. The complaint alleged generally that the plaintiff had fulfilled all the conditions of the policy on his part, and this allegation was followed by another, namely, that sixty days and more before the commencement of the action the plaintiff served upon the defendant, as the proofs of loss, a complete inventory of the property destroyed and injured, with the quantity and cost of each article and the amount claimed thereon, and that the same was retained by the defendant without objection and that no further proof was required or furnished. While the word "waiver" is not found in the pleading, yet the facts relied upon to establish that defense to the claim that the conditions of the policy were not fulfilled were, we think, sufficiently stated. None of the cases cited decide that under such a statement in a complaint on a policy of insurance the plaintiff could be precluded from asserting that strict compliance with the requirements of the policy to furnish formal verified proofs of loss was waived by the insurer, and so we think that the plaintiff's complaint was sufficient to enable him to avail himself of a waiver if proven.

The provision of the policy in respect to proofs of loss is, in substance, that if a fire occurred the insured should give immediate notice of any loss to the company in writing; make a complete inventory of the property lost or damaged, stating the quantity and cost of each article and the amount claimed thereon, within sixty days after the fire, and signed and sworn to by the insured, stating the time and origin of the fire and other matters not material to this appeal. The paper contained a complete inventory of the property damaged or destroyed and the amount claimed on account of each article, which aggregated $242, but was not signed or sworn to by the insured. It was directed to the defendant at its New York office and received by it shortly after the fire. The defendant sent an adjuster with this inventory to the plain-

tiff's dwelling, who, with the aid of the inventory, examined the several articles of property and the condition of the same, and entered upon negotiations with the plaintiff for a settlement of the claim. The parties failed to agree upon the amount of the loss, but the adjuster offered to pay $38 in settlement, which was refused by the plaintiff. It is admitted that this paper was a sufficient notice to the defendant that a fire had occurred, but it is strenuously denied that it was in any sense a compliance with the requirements of the policy. Of course it was not such a formal paper as the policy required. There can be no dispute about that. The only question is whether the defendant by retaining it without any objection until the sixty days had expired, by using it for the purpose of identifying the property and ascertaining for itself the amount of the damage to the various articles covered by the policy and then entering upon negotiations based upon the contents of the paper for a settlement of the claim, did not lead the plaintiff to believe that no further proofs of loss would be required, and so waived the objection now urged to a recovery. The only dispute between the parties was in regard to the amount of the damages, and the paper sent to and received by the defendant gave to it all the information that it could receive from the most formal proofs furnished is strict conformity with the policy.

We are, therefore, inclined to think that the circumstances referred to were properly submitted to the jury, and the finding that the defendant waived strict compliance with the terms of the policy cannot be said to be unsupported by any evidence. It is quite impossible to examine the vast list of cases cited upon the question, *pro* and *con*, by counsel in any reasonable period of time, and it may be that there is conflict among them. The requirement that proofs of loss shall be furnished is a condition in a policy that becomes operative only after the capital fact of a loss and, unlike some of the other conditions in policies, it is to be liberally construed in favor of the insured. (*McNally* v. *Phœnix Ins. Co.*, 137 N. Y. 389; *Carpenter* v. *German-Am. Ins. Co.*, 135 N. Y. 303.)

The order of the Appellate Division, affirming that of the Appellate Term, should be reversed and the judgment entered on the verdict affirmed, with costs to the plaintiff in all courts.

CULLEN, Ch. J., VANN, WERNER and CHASE, JJ., concur.

GRAY, J. (dissenting). I vote for affirmance on the grounds expressed in the opinion of the Appellate Division. I doubt that the waiver was sufficiently pleaded; but, assuming that it was, there was no proof showing, or tending to show, waiver. The notice of October 2d was not proof and the offer of the company to pay the $38 was properly refused by the plaintiff. He should then have filed his proofs of loss.

WILLARD BARTLETT, J., not voting.

Ordered accordingly.