## CASTELL v. WOODCOCK.

(Supreme Court, Special Term, New York County. January 25, 1910.)

1. INSURANCE (§ 612*)—FIRE INSURANCE—PROOFS OF LOSS—REQUISITES.
    Delivery of proofs of loss within the time stipulated in a fire policy is a condition precedent to a right of recovery thereon.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1521; Dec. Dig. § 612.*]

2. INSURANCE (§ 558*)—FIRE INSURANCE—PROOFS OF LOSS—REQUISITES.
    Where the general manager and attorney for a Lloyds insurance association was notified of a loss, and replied that he would follow the adjustment of an insurance company in the matter of the loss, and proofs of loss were then delivered to the insurance company, which adjusted the loss, he was bound by the adjustment, and a delivery of the proofs was tantamount to a delivery to him.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1382–1390; Dec. Dig. § 558.*]

3. INSURANCE (§ 631*)—ACTIONS—PLEADINGS.
    Where a fire policy is made a part of the complaint in an action thereon, its statements are a part of the allegations of the complaint.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1588; Dec. Dig. § 631.*]

4. INSURANCE (§ 630*)—FIRE INSURANCE—INSURABLE INTEREST—PLEADINGS.
    Where the complaint in an action on a fire policy alleged that the property insured was damaged by fire, which occurred on the premises where the property was at the time of the issuance of the policy, and made the policy, stipulating that insured had an insurable interest, a part of the complaint, the complaint sufficiently alleged that insured had an insurable interest.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1582, 1583; Dec. Dig. § 630.*]

Action by one Castell against one Woodcock on a policy of Lloyds fire insurance for loss by fire. A demurrer was filed to the sufficiency of the allegations of the complaint, and defendant then made a motion for judgment on the pleadings. Motion denied.

Van Iderstine, Badger & Barker (William Otis Badger, Jr., of counsel), for plaintiff.

John B. Sabine, for defendant.

HENDRICK, J. Defendant demurred to the complaint, and now moves on the two pleadings for judgment. Plaintiff makes no objection to the practice. The complaint alleges that defendant was and is "the general manager of and duly authorized attorney for and representing" a Lloyds insurance association, "with authority to issue policies of insurance in the names of said underwriters." A fire occurred on August 15, 1908, five months after the issue of the policy. The insured notified defendant of the fire, and on August 28, 1908, he wrote the agents of the insured that "we will follow the adjustment of the

Home Insurance Company in the matter of the loss." Proofs of loss were not delivered to the defendant, but they were delivered to the Home Company, which adjusted the loss. The complaint alleges that defendant's share of the loss is $1,016.14, for which it demands judgment. Defendant demurs for insufficient facts, and assigns for grounds (1) that proofs of loss are not alleged to have been delivered to defendant, and (2) that the complaint does not allege that the insured had an insurable interest.

The delivery of proofs of loss within the time stipulated is a condition precedent to a right of recovery, and, unless defendant's consent to "follow the adjustment of the Home Insurance Company in the matter of the loss" is a satisfaction of that requirement, the demurrer is well founded. That consent is not a promise to pay the loss as adjuster, but it is an agreement that an adjustment by defendant will not be required. Defendant has not convinced the court that proofs of loss have any function, unless a loss is to be adjusted. It looks to me as if defendant delegated the Home Insurance Company to adjust the loss and agreed to be bound by the adjudication. Delivery of proofs, therefore, to the Home Company, for all the purposes of this action, was tantamount to a delivery to defendant.

The policy of insurance is made a part of the complaint, and its statements are deemed to be a part of the allegations. It states an insurable interest, and, in the absence of any averment that any change has taken place, the insurable interest is presumed to have continued during the five months the policy was in force. The complaint also alleges that by said fire "the property so insured as aforesaid was damaged, and that the fire occurred on the premises where it was at the time the policy was issued." It seems to me that under the authorities defendant's motion for judgment must be denied. Davis v. Grand Rapids Fire Ins. Co., 15 Misc. Rep. 263, 36 N. Y. Supp. 792; Gerhart Realty Co. v. Northern Assur. Co., 86 Mo. App. 596; Glazer v. Home Ins. Co., 190 N. Y. 6, 82 N. E. 727; Robertson v. N. H. Ins. Co., 16 N. Y. Supp. 842; Griffith v. Anchor Fire Ins. Co. (Iowa) 120 N. W. 90.

As the manner of presenting the case at Part 1 is somewhat unusual, and the motion asks for an interlocutory judgment on the demurrer, each party may present a form of decision on notice, with a memorandum as to costs.