COHEN v. NORTH RIVER INS. CO.

(City Court of New York, Special Term.  March, 1910.)

PLEADING (§ 367*)—COMPLAINT—MAKING MORE DEFINITE AND CERTAIN.

A complaint on a fire insurance policy alleged in one paragraph thereof that plaintiff was at all times willing to appoint a competent appraiser and to have an impartial appraisal of the loss, but defendant refused to have such appraisal, and insisted on compliance with unusual conditions before it would enter into such appraisal, and therefore waived the requirements of the policy as to the appraisal.  *Held*, that defendant was entitled to have the complaint made more definite and certain, so as to show the acts constituting the waiver, in what manner the defendant refused to have such an appraisal, and the unusual conditions imposed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1173–1193; Dec. Dig. § 367;* Insurance, Cent. Dig. § 1631.]

Action by William Cohen against the North River Insurance Company.  On motion to make the complaint more definite and certain.  Motion granted.

Joseph L. Prager, for plaintiff.
House, Grossman & Vorhaus, for defendant.

FINELITE, J.  This is a motion made by the defendant why the ninth paragraph of the plaintiff's complaint should not be made more definite and certain.

The action is brought to recover insurance under a policy issued by the defendant, wherein and whereby it insured the plaintiff against all direct loss and damage by fire, in an amount not exceeding the sum of $1,000, on his household furniture, bedding, wearing apparel, kitchen utensils, and other chattels while contained in the building situated in No. 1429 Fifth avenue, New York City.  The ninth paragraph of the plaintiff's complaint is challenged for being indefinite and vague as to its context.  It reads as follows:

"That the plaintiff was at all times ready and willing to appoint a competent and disinterested appraiser, and to have a fair and impartial appraisal of the said loss; but the defendant hindered, delayed, and refused to have said fair and impartial appraisal, but insisted upon improper and unusual conditions to be complied with by the plaintiff before it would enter into such appraisal, and thereby waived the requirements in said policy as to such appraisal."

The defendant is entitled to know all and singular the acts charged in said paragraph as constituting a waiver of appraisal, as to the time that the plaintiff was ready and willing to appoint a competent and disinterested appraiser and to have a fair and impartial appraisal of said loss ascertained, in what manner the defendant hindered, delayed, and refused to have said fair and impartial appraisal, what were the improper and unusual conditions insisted upon by the defendant before it would enter into such appraisal, were waived by the defendant.  If the plaintiff would have alleged in the complaint that, after the proofs of loss were received by the defendant and retained by it without ob-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

jection, no further proof was required or furnished, such an allegation was held to be a sufficient statement of the facts, which, if proven, would establish that the defendant had waived strict compliance with the terms of the policy requiring the plaintiff to furnish formal, verified proofs of loss, that the plaintiff upon such an allegation in the complaint would be sufficient to be construed as a waiver, if proven. Glazer v. Home Ins. Co., 190 N. Y. 6, 82 N. E. 727.

The motion will be granted, as indicated herein, under the circumstances, without costs. Plaintiff may have six days within which to serve an amended complaint, after the entry of the order to be entered herein, and the defendant may have six days' time to answer said amended complaint after receipt thereof.

Settle order on one day's notice.