(79 Misc. Rep. 237.)

GREENGRASS v. NORTH RIVER INS. CO.

(Supreme Court, Appellate Term, First Department.  February 7, 1913.)

1. INSURANCE (§ 668*)—PROOF OF LOSS—WAIVER—QUESTION FOR JURY.
    Whether insurer, by retaining, without objection to its form, an inventory furnished by insured after a fire and entering into negotiations for settlement, and finally disclaiming liability on the sole ground that insured had not properly protected the property after the fire, did not waive the service of a more formal proof of loss, is a question for the jury.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1732–1770; Dec. Dig. § 668.*]

2. INSURANCE (§ 505*)—CONDITIONS OF POLICY—SEPARATING PROPERTY AFTER FIRE.
    A condition of a fire policy, for separation by insured after a fire of the damaged goods from the undamaged, is given a liberal construction in favor of insured; and it is enough that there is such a separation that insurer can estimate the loss.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1291, 1292; Dec. Dig. § 505.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Morris Greengrass against the North River Insurance Company.  From a judgment of nonsuit, plaintiff appeals.  Reversed, and new trial ordered.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Arthur C. Mandel, of New York City, for appellant.

House, Grossman & Vorhaus, of New York City (Samson Selig, of New York City, of counsel), for respondent.

PAGE, J.  This was an action to recover the value of household goods and clothing destroyed by fire.  The defendant did not contest the fact that the goods as claimed by the plaintiff were upon the premises and that a fire occurred, nor did it offer evidence tending to show that the loss was different from that claimed; but they seek to escape liability on two technical grounds:  First, that the assured had failed to prove that he had served on the defendant a sufficient proof of loss within the 60-day period limited by the policy; and,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

second, that the assured had failed to properly separate the damaged goods from the undamaged. The fire occurred on February 16, 1912. The exact date when the defendant was notified of the fire does not appear.

[1] The defendant's adjuster testified that he called at the premises on February 19th and discharged the fire patrol man, as he always did when he was notified of a loss; and when the plaintiff's adjuster called at the office of the defendant and notified them of the loss on February 21, 1912, the person in charge of that department stated that they already knew of the loss. The plaintiff prepared an inventory in Hebrew and gave it to his adjuster, who translated it into English, and on February 29, 1912, the inventory was given to the defendant's agent. This inventory contained a list of each article claimed to have been destroyed, with its value, and the total amount of such claim; but it was not signed, nor verified by the oath of the claimant. The next day the defendant's adjuster called at the premises with this inventory and with the plaintiff's adjuster went over the remnants, and offered first $150, and then $200. These offers were refused by plaintiff's adjuster, who offered to take $400 on the claim of $526.20. The defendant's adjuster left, and the next day sent a disclaimer of liability—

"for any loss or damage that may have been caused through your negligence to properly protect the damaged and undamaged property, as called for in lines No. 67, 68 and 69 of the printed conditions of your policy. * * *"

No mention is made of a claim that the inventory was not sufficient, and the requirement for a signed and verified statement of loss is not contained within the specified lines of the policy. Upon the facts it was clearly a question for the jury to determine whether the defendant, by retaining the inventory furnished by the plaintiff without objection as to its form and entering into negotiations of settlement, had not waived the service of a more formal proof of loss. Glazer v. Home Ins. Co., 190 N. Y. 6, 82 N. E. 727; Davis v. Grand Rapids Fire Ins. Co., 15 Misc. Rep. 263, 265, 36 N. Y. Supp. 792, affirmed 157 N. Y. 685, 51 N. E. 1090.

[2] On the second objection, that the goods were not kept separated, the testimony of the plaintiff's adjuster that they were so separated, and the defendant's adjuster that they were not, raised an issue of fact for the jury. That the landlord, for the purpose of repairing the building, had removed or required the removal of débris from the rooms in which they were at the time of the fire, does not in itself constitute a breach of the contract. If the undamaged property and the damaged were so separated that the company could estimate the loss, a reasonable and substantial compliance with this provision is all that is required. For, after the liability has been fixed by a loss, the insured may not be deprived of his rights to indemnity by a narrow and technical construction of the conditions and stipulations which prescribed formal requisites, by which that right is made available; on the contrary, a liberal and reasonable construction of them should

be given.  McNally v. Phœnix Ins. Co., 137 N. Y. 389, 33 N. E. 475. The learned trial judge seems to have overlooked this requirement.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.  All concur.

