### WEIMAN et al. v. NATIONAL BEN FRANKLIN FIRE INS. CO. OF PITTSBURGH, PA.

(Supreme Court, Appellate Term, First Department. June 21, 1916.)

INSURANCE ☞542(2)—FIRE INSURANCE—PROOF OF LOSS—INVENTORY—NECESSITY.

A fire insurance clause requiring the insured to include in his proof of loss a complete inventory of quantity, cost, cash value, and amount claimed on each article is inapplicable to damage to a building, and errors or omissions in attempting such statement constitute no bar to recovery.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1341; Dec. Dig. ☞542(2).]

Appeal from City Court of New York, Trial Term.

Action by Andrew Weiman and another against the National Ben Franklin Fire Insurance Company of Pittsburgh, Pa. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Henry L. Slobodin, of New York City, for appellants.

S. J. Rosenblum, of New York City (Arthur C. Mandel, of New York City, of counsel), for respondent.

BIJUR, J. This action was brought to recover damages caused by fire to plaintiffs' building. The motion to dismiss was based on the fact that the assured had not given in their proof of loss "a complete inventory, stating the quantity and cost of articles and the amount claimed thereon, the cash value of each item thereof and the loss thereon."

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the first place, it is perfectly evident from the context that this provision relates to "personal property" mentioned in the same clause of the policy immediately preceding this requirement; but, apart from that, it is quite manifest, as a matter of common sense, that it could not refer to fire damage to a building. Plaintiffs may have been overindustrious in incorporating in their proof of loss what they call "a schedule of the damage sustained by the premises," and which is manifestly the detailed estimate of some contractor for repairing the damage. All that can be said of this statement is that it was a plain indication of plaintiffs' good faith in furnishing defendant with all the information in plaintiffs' possession, and going much further than the terms of the policy required under the circumstances. Surely, however, this is no ground for the dismissal of the complaint. These considerations seem to me to be so evident that it is unnecessary to refer to the principle enunciated in cases like McNally v. Phoenix Ins. Co., 137 N. Y. 389, 33 N. E. 475, and the many cases which have followed it. See, for example, Glazer v. Home Ins. Co., 190 N. Y. 11, 82 N. E. 727.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.