SIEBROS FINANCE CORPORATION, Plaintiff, *v*. FIRE ASSOCIATION OF PHILADELPHIA, Defendant.

Supreme Court, New York County, November 18, 1926.

**Insurance — fire insurance — motion for summary judgment in action on fire insurance policy bearing indorsement making loss payable to plaintiff as chattel mortgagee — policy contained provision voiding instrument in event assured swore falsely as to loss — fact that assured filed proof of loss reciting between $5,000 and $6,000 more loss than insurer's estimate does not constitute sufficient evidence of fraud or false swearing to entitle insurer to defend — policy not invalidated by reason of existence of additional chattel mortgage in view of language of rider granting right to mortgage.**

In an action on a fire insurance policy on chattels covered by a mortgage on which there was an indorsement, which made the loss, if any, payable to the plaintiff as mortgagee, said plaintiff is entitled to summary judgment for the amount of the policy, where defendant's answering affidavits upon the motion merely recite that notwithstanding a provision in the policy voiding the instrument in the event the assured swore falsely as to any loss, the assured, plaintiff's mortgagor, filed proofs of loss reciting between $5,000 and $6,000 more loss than estimated by the defendant, since said recital does not constitute such evidence of fraud or false swearing as to entitle the insured to defend plaintiff's action on that score.

The policy was not invalidated by reason of the fact that there was another chattel mortgage on the identical property, although there was a provision releasing the company for damage to property incumbered by a chattel mortgage, since there had been added to the policy a rider reciting that the existence of a chattel mortgage would not invalidate the policy. The rider took the place of the provision in the policy proper and must be deemed to have been a grant of right to mortgage.

MOTION for summary judgment under rule 113 of the Rules of Civil Practice.

Supreme Court, November, 1926. [Vol. 128

*Israel Siegel,* for the plaintiff.

*Fox, Weller & Wintner,* for the defendant.

Levy, J. Plaintiff was the mortgagee under a chattel mortgage in the sum of $4,000 executed by Eastern Sweater Mills, Inc., to which defendant issued a policy of fire insurance in said sum, covering the chattels included in the mortgage. The policy bore an indorsement to the effect that the loss, if any, was payable to the plaintiff. While the mortgage was still in force and during the period covered by the policy, a fire occurred which partially destroyed the property covered by the mortgage. Plaintiff claims that the assured duly rendered proofs of loss to the defendant in accordance with the terms of the policy and that the fire did not occur from any of the causes excepted therein. Accordingly, plaintiff urges that it is entitled to a judgment against the defendant in the sum of $4,000, and that it believes that there is no defense to the action. The answering affidavits allege that the assured, Eastern Sweater Mills, Inc., *after the fire,* filed a fraudulent proof of loss which avoided the policy. The provision which it is claimed was violated in this manner is: " This entire policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof; or in case of any fraud or false swearing by the insured, touching any matter relating to this insurance or the subject thereof, whether before or after a loss." In support of this contention defendant submits an affidavit by an appraiser whom it had requested to evaluate the damaged property. This contains the statement that the appraiser estimated the damage at $7,151.96. Merely because this estimate was between $5,000 and $6,000 less than the amount of loss claimed by the assured, defendant argues that the former has been guilty of fraud or false swearing, thus avoiding the policy. It must be obvious from a mere statement of the proposition that even a wide difference of opinion as to value manifested in the estimate furnished by the assured as distinguished from that supplied by the appraiser fails of itself to constitute evidence of fraud or false swearing. (*Titus* v. *Glens Falls Ins. Co.,* 81 N. Y. 410.) Besides, the requirement that proofs of loss shall be furnished, unlike some of the other conditions in policies, must be liberally construed in favor of the assured. (*Glazer* v. *Home Ins. Co.,* 190 N. Y. 6; *McNally* v. *Phœnix Ins. Co.,* 137 id. 389; *Carpenter* v. *German-Am. Ins. Co.,* 135 id. 298.) It would seem to follow that no facts sufficient to entitle the insurer to defend on this score have been shown.

The second point urged in opposition is that, in addition to

plaintiff's mortgage, there was another chattel mortgage on the identical property, and that, therefore, the defendant was not liable in view of the provision of the policy that " unless otherwise provided by agreement in writing added hereto, this company shall not be liable for loss or damage to any property insured hereunder while encumbered by a chattel mortgage * * *." The only other agreement added to the policy was a rider reading as follows: " It is understood and agreed that the existence of a chattel mortgage or mortgage on machinery and fixtures item shall not invalidate this policy." The contingency in this respect in the policy provided can properly be taken to mean the existence of but one mortgage or possibly more, and so with the rider, which must be read in precisely the same manner. This must be so, when we bear in mind the familiar rule that the language of a policy is to be construed most favorably to the assured. Had the insurer desired to limit its permission to but a *single* mortgage, it could easily have done so in clear and unambiguous language. The rider undoubtedly takes the place of the provision in the policy proper, and unquestionably is a grant of the liberty to mortgage. Its fair intendment, therefore, is that the existence of chattel mortgages — two or even more — does not invalidate the policy.

Accordingly, the motion is granted. Submit order.