(109 App. Div. 843)

### WILLIAMS v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Second Department.  December 29, 1905.)

INSURANCE—LIFE POLICY—REPRESENTATIONS BY INSURED—PREPARATION OF APPLICATION BY AGENT.

   The beneficiary in a life policy was entitled to recover thereon, notwithstanding that false statements appeared in the application, where insured made true statements to the solicitor, who wrote out the application and caused insured to sign it without reading it, where there was nothing to show that the insured agreed that the solicitor should be insured's agent in filling out the application.

   [Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, § 541.]

Appeal from Trial Term, Kings County.

Action by Julienne C. Williams against the Metropolitan Life Insurance Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Paul Grout, for appellant.

George W. Martin (Richard W. Newhall, on the brief), for respondent.

WOODWARD, J. On the 10th day of February, 1898, the defendant company issued two polices of insurance upon the life of Frank C. Williams; the plaintiff in this action being the beneficiary. The policies were for $500 each; this form being adopted upon the suggestion of defendant's agent, because the examinations were a little less rigid

for $500 policies than for larger ones. Upon the death of the insured the defendant company refused payment upon various grounds; but upon the trial all of the issues, excepting these relating to the answers to questions in the application and in the medical examination, were eliminated, and the learned court submitted to the jury two questions, as follows:

"(1) Did Frank C. Williams, at the time of signing the application for insurance, inform the defendant's agent of the fact that he had made application to the Prudential Insurance Company?

"(2) Did Frank C. Williams, at the time of signing the report of medical examination by Dr. Francis I. Leonard, inform the said Dr. Leonard that he had made application to the Prudential Insurance Company?"

The jury, under a careful charge from the court, has answered these questions in the affirmative, and under the authorities in this state the plaintiff is entitled to recover. The application for the insurance, as well as the medical examination blanks, were filled out by the company's agents. They were told, as the jury has found, that the insured had made a previous application to the Prudential Insurance Company, yet these agents of the defendant did not record the fact, but asked and permitted the insured to sign the papers without reading them or hearing them read. Under such circumstances it is clearly competent to show the facts, and, the jury having found in favor of the plaintiff, the judgment, in the absence of legal error, should be affirmed.

It is urged on the part of the defendant that the verdict is contrary to the evidence and against the weight thereof; but we are unable to agree with this proposition. It is true, of course, that the evidence of the plaintiff, as it appears in the printed record, is not entirely satisfactory. That it was not wholly satisfactory to the learned justice presiding upon the trial is evidenced by his opinion in the case; but it cannot be said that there was no evidence to support the plaintiff's case, and the evidence on the part of the defendant is lacking in that clearness which might be said to constitute the weight of evidence where there are two witnesses opposed to each other. The learned justice testifies to the intelligence of the jury to whom the facts were submitted, and in the absence of a clear weight of evidence against the plaintiff's theory we are not disposed to disturb the finding of the jury.

The only error urged was raised by the objection and exception of the defendant to the evidence of the plaintiff as to a conversation with McCarthy, the defendant's agent, who filled out the application blanks and asked the insured to sign them. This conversation related to the previous application of the insured to the Prudential Insurance Company, and, if McCarthy was the agent of the defendant, there can be no doubt of its competency. It does not appear that the insured agreed that McCarthy should be his agent in the filling out of the application blanks, as was suggested might be done in Sternaman v. Metropolitan Life Ins. Co., 170 N. Y. 13, 62 N. E. 763, 57 L. R. A. 318, 88 Am. St. Rep. 625; and, in the absence of such a stipulation, the presumption must be that the solicitor was acting in behalf of the company, and it was proper, under the case cited and the authorities which it reviews, to show that the insured gave the proper information, that he stated the truth, and that the defend-

ant's agents, through design or inadvertence, stated the facts differently.

We fail to find in the record any evidence of facts constituting an estoppel upon the plaintiff to show the facts as they actually existed at the time the application was made, or that the insured was in any manner a party to the misrepresentation of the facts.

The judgment and order appealed from should be affirmed, with costs. All concur.