ENTHOVEN v. AMERICAN FIDELITY CO. OF MONTPELIER, VT.

(Supreme Court, Trial Term, New York County. April 11, 1911.)

1. EVIDENCE (§ 405*)—PAROL EVIDENCE—POLICY—WARRANTIES.

Where an accident insurance policy was clear and complete and contained false statements of material facts, and M., an insurance broker, who was not the agent of insurer, procured the necessary data to enable the company to fill out the policy form, and such data were not an application and did not become a part of the contract, until it was incorporated into the policy and delivered and accepted in its final form by the insured, and insured kept the policy a year and a half before his death,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the policy was a binding contract on both the parties, and could not be varied by parol.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1818–1824; Dec. Dig. § 405.*]

2. INSURANCE (§ 73*)—AGENTS—BROKERS.

A mere broker, who procured the intervention of the regular agent of an insurance company to countersign a policy, did not represent the company in procuring data from insured for incorporation into the policy.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 73.*]

Action by Rose Enthoven against the American Fidelity Company of Montpelier, Vt. On motion to set aside a verdict directed for defendant, and for a new trial. Motion denied.

Arnstein, Levy & Pfeiffer (Mr. Levy, of counsel), for plaintiff.
James, Schell & Elkus (A. I. Elkus, of counsel), for defendant.

FORD, J. This is a motion to set aside a verdict for the defendant, directed by the court at the close of the case, and for a new trial, in an action brought by the beneficiary upon an accident insurance policy on account of the accidental death of the insured. The defense is admitted falsity in the warranties printed upon the policy, which warranties constituted in part the consideration of the contract.

[1] By the plain terms of the policy the defense is perfect; but plaintiff seeks by oral testimony to avoid those specific provisions of the policy which preclude a recovery under the admitted facts. As was said in Foot v. Ætna Life Ins. Co., 61 N. Y. 575:

"Parties to insurance contracts have the right to make their own bargains, as in other cases. An insurance policy is to be construed, like other contracts, with the view to arrive at the intent of the parties. * * * The policy embodies the contract and speaks for itself."

In brief, the law gives to an insurance contract the same protection against variation or contradiction of its plainly expressed terms by oral testimony which it gives to other written contracts. In the cases where oral testimony has been admitted for such purpose, there are invariably found peculiar circumstances surrounding the making of the contract which are absent from this case. Thus in Sternaman v. Metropolitan Life Ins. Co., 170 N. Y. 13, 62 N. E. 763, 57 L. R. A. 318, 88 Am. St. Rep. 625, the true answers made to a medical examiner of the insurance company were permitted to be shown to vary the answers as written by him in the application, which was signed by the insured and by the beneficiary, afterwards taken away by the examiner, and made part of the contract of insurance. As the court points out, that medical examination required professional skill and experience on the part of the examiner, and the insured permitted it to be done only by its own appointee. A sharp distinction is drawn between that medical examination and the other answers made by the insured upon another blank relating to his age, occupation, family history, and the like, which might very well be answered by the insured without the aid or presence of an expert. The latter set of answers were of substantially the same character as those contained in the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

schedule of warranties in the case at bar. So in Williams v. Metropolitan Life Ins. Co., 109 App. Div. 843, 96 N. Y. Supp. 823, two application blanks were filled out by the company's agents, signed by the insured "without reading them or hearing them read," and made part of the policy.

There are no such circumstances surrounding the making of the contract in this case, which take it out of the rule that oral testimony may not be received to contradict or vary the terms of a written contract. The policy is clear and complete. There was no signed application. What Manchester, the alleged agent, did amounts to no more than the mere obtaining of the necessary data to enable the company to fill out the policy form. It did not come into being as a contract until it was delivered to the insured and accepted by him in its complete and final form. By accepting it he accepted all its terms, conditions and provisions. He had it in his possession for nearly a year and a half before his death. The untrue answers were plainly written upon it, and he warranted them to be true, not by a written and signed application delivered to the insurer before the delivery of the policy to him, but at the very time of his acceptance of it. It clearly expressed the contract, and the whole of it, existing between the contracting parties, and must be held binding upon both.

[2] Aside from the foregoing considerations, I do not think that authority in Manchester to bind the company was shown. He seems to have been a mere broker, who procured the intervention of one Hopper, an agent of the company, to countersign the policy. I have not only considered all the testimony in the case, but I have assumed that that given on behalf of plaintiff is true in its entirety.

As a matter of law, however, I hold that it is ineffective to change the written contract, and accordingly deny the motion.