FLYNN v. HANOVER FIRE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Term. March 10, 1910.)

INSURANCE (§ 505*)--FIRE POLICY--PROTECTION OF PROPERTY AFTER LOSS.

Plaintiff occupied a three-room tenement containing personal property, insured for $1,000 by a policy providing that in case of loss the assured should protect the property from further damage and exhibit it as often as required to the insurer's agent. Plaintiff's personal property was almost totally destroyed, though enough remained to enable a judgment to be formed as to its character and value in its undamaged state. The firemen threw a considerable portion of the burned articles into the common yard of the building, where it remained for three weeks after the fire, during which time the insurance men called there twice; but when the appraisers called, a week or two thereafter, the apartment had been cleaned and closed and the débris removed by persons unknown, plaintiff having abandoned the apartment and moved into a new one immediately after the fire. *Held* to show a substantial compliance with the policy; plaintiff not being required to keep the débris indefinitely for the insurer's benefit.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 505.*]

Lehman, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Joseph N. Flynn against the Hanover Fire Insurance Company of New York. From a judgment of the New York City Court on a verdict directed for defendant for $77.08 costs, after a verdict for plaintiff for $850, "subject to the opinion of the court," had been set aside, plaintiff appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Christian G. Moritz (Jacob S. Strahl, of counsel), for appellant.
Robert J. Fox, for respondent.

BIJUR, J.   This action involves the construction to be placed, under the circumstances, upon that clause of the standard policy of fire insurance which provides:

"That in case of loss the assured will protect the property from further damage * * * and exhibit it as often as required to the agents of the insurer."

Two and a half years after plaintiff's policy for $1,000 had been issued by defendant to cover plaintiff's household effects the fire occurred.   Plaintiff was occupying three rooms in a tenement house.   His apartment was gutted.   The furniture and personal belongings of plaintiff were almost totally destroyed, though enough remained of some of it to enable a judgment to be formed as to its character and value in undamaged state.   The firemen threw a considerable portion of the burned articles into the common yard.   Immediately after the fire plaintiff abandoned the apartment and moved into a new one.   The housekeeper of the tenement in which the fire occurred testified that as late as three weeks after the fire the ruins had not been disturbed, and that insurance men had called there twice in the meantime.   A week or two later the appraisers duly appointed called, but found that the apartment had been cleaned up and closed; the débris having been removed by persons unknown to the parties to the action.   Plaintiff claimed to have lost $1,365 worth of personal property, making the loss under his policy total.   The defense relied upon was breach of plaintiff's obligation under the clause in the policy first above referred to.

While I appreciate the importance to the insurance company of having the property destroyed safely kept undisturbed until the completion of the appraisal, for the purpose not only of ascertaining the extent of the damage, but so far as possible the original value and character of the goods destroyed, still it seems unreasonable to demand that the occupant of a few rooms in a tenement house rendered untenantable by a fire shall bear the added expense of continuing his tenancy for the mere purpose of guarding the débris.   There is no suggestion that the plaintiff himself removed the articles or in the slightest degree prevented a full inspection during the three weeks they remained undisturbed.   In respect of policies issued to persons of modest means living under the conditions disclosed in this record, I cannot see that the assured violated his obligations reasonably construed.   The langauge of O'Brien, J., in McNally v. Phœnix Insurance Co., 137 N. Y. 389, 398, 33 N. E. 475, 477, is peculiarly appropriate:

"In determining the liability of the defendant, it is entitled to the benefit of its contract fairly construed, and can stand upon all of its stipulations.   But when its liability has become fixed by the capital fact of loss within the range of the responsibility assumed in the contract, courts are reluctant to deprive the insured of the benefit of that liability by any narrow or technical construction of the conditions and stipulations which prescribe the formal requisites by means of which the accrued right is to be made available for his indemnification."

I cannot escape the conclusion that the strict construction of the clause in question insisted upon by the defendant would have imposed upon the plaintiff an obligation quite unreasonable in the light of the circumstances, with all of which the defendant was no doubt familiar, as they were apparent both before and after the loss occurred.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

SEABURY, J., concurs.

LEHMAN, J. (dissenting).   The plaintiff entered into a contract for the insurance of goods in the standard form authorized by the statute, and he thereby agreed that after a fire he would protect the property from further damage, forthwith separate the damaged and undamaged personal property put it in the best possible order, and make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon, and would as often as required exhibit to any person designated by the company all that remains of any property described in the policy.

It appears that the assured resided in a three-room apartment, for which he paid a rental of $12 a month, and that the household and personal property contained in these rooms was valued by the assured at $1,365, and insured by him at $1,000.   A fire occurred in this apartment on the 17th day of March, 1906, and damaged his furniture. According to the plaintiff's testimony, he looked into the rooms on the night of the fire, and there was nothing left in the rooms of any value.   Fire, smoke, water, and dirt had rendered everything valueless. He tried to get into the rooms the next day, but was refused admission by the fireman in charge, and he paid no further attention to his goods, and does not know what became of them thereafter, except that he states that a small amount of remnants and fragments, which was all that was left of the goods after the fire and was absolutely worthless, was swept out or removed from the premises by persons unknown.

Apparently there were more than remnants and fragments left, because the injury to the goods in two of the three rooms was partly, if not entirely, by water, dirt, and careless handling, rather than by fire; and though the plaintiff's opinion that they were absolutely worthless is not incredible or improbable, it is nevertheless only his opinion, and the company is entitled to an investigation of the facts upon which such an opinion is based.   The company had prompt notice of the fire and the claimed destruction of the goods, and an appraisal agreement was entered into between the parties; but no appraisal could be made, because the plaintiff could show no goods.

I entirely agree that after a loss of goods insured under a valid policy the courts should try to enforce the liability of the company arising by reason of the fire; but I cannot agree with the view that the courts have a right to relieve the assured from the obligation of a contract by reason of hardship, especially where the contract is in a form approved by the authorities of this state.   The assured has agreed to protect the property from further damage and exhibit to any person designated by the company all that remains of the property.   If the assured had performed his duty, the company might possibly have found some value in the damaged goods, and would certainly have been in a better position to properly appraise the sound value of the goods if it could have seen the fragments.

Conceding·that the circumstances of the assured must be considered in determining the degree of care·required in guarding the fragments, I am unable to find any principle upon which the assured should be ·entirely exempted from his obligation by· reason of his moderàte cir- ·cumstances. Certainly I should not require this plaintiff to continue his tenancy of the apartment in order to protect the goods; but I think .he was required to store and preserve the fragments somewhere as well as his circumstances would reasonably permit.

In this case he concededly paid no attention to what remained of his ·property after the fire, and now seeks to force the company to accept his own opinion of its total destruction and his own testimony of its value, when by the terms of the policy the company agreed to reim- 'burse him for his loss only upon the agreement to furnish "all that remains" of the property as a basis for appraising that loss. If the plaintiff has by his neglect lost a right to be reimbursed for his goods, then his position is unfortunate; but he has himself agreed to the terms upon which the company was to reimburse him, and I do not :see how we can force the company to reimburse him on other terms.,

The judgment should be affirmed.