### JOHNSON v. HARTFORD FIRE INS. CO.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

1. INSURANCE ⬯505—DAMAGED GOODS—FAILURE TO INVENTORY—DESTRUCTION.

Plaintiff's fire policy contained a provision that insured should exhibit all that remained of the property as often as required, and that in case of fire he should separate the damaged and undamaged property, put it in the best possible order, and make a complete inventory. Upon plaintiff's notification of loss, the defendant company sent its adjuster, who instructed plaintiff's wife to keep the property intact and to separate and inventory it. Later, upon receipt of an inventory from plaintiff, defendant again sent its adjuster. It developed that out of the 50 items in the inventory only 16 could be found, and that the remainder of the damaged property had been thrown away, and defendant refused to pay the loss. Held, that the provision for preserving damaged goods was a material part of the contract to be observed by insured the breach of which relieved defendant from liability under the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1291, 1292; Dec. Dig. ⬯505.]

2. INSURANCE ⬯505—DAMAGED GOODS—PRESERVATION—NOTICE—MATERIALITY.

Plaintiff could not in such action excuse his failure to preserve and inventory such damaged goods, on the ground that the wife did not understand the adjuster's instructions so to do, because of her inability to understand English, since the provisions for preserving and inventory were absolute, and binding on plaintiff, regardless of notice, in the absence of any provision therefor in the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1291, 1292; Dec. Dig. ⬯505.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Paul Johnson against the Hartford Fire Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Pitcher & Stern, of New York City (Frederic C. Pitcher, of New York City, of counsel), for appellant.

H. G. McDowell, of New York City (James F. O'Neill, of New York City, of counsel), for respondent.

WEEKS, J. The following facts are undisputed: The defendant herein issued its policy of insurance against loss or damage by fire to plaintiff's property, situated at 120 Carlton street, this city. A fire occurred in the premises on April 4, 1915, and was confined to three rooms of a five-room flat. On April 5th the defendant was notified of the loss, and on April 7th an adjuster for the company called at the premises. He found a large quantity of the damaged property, consisting of bed clothing, table linen, wearing apparel, etc., in piles upon the floor of the rooms and in such a manner that it was impossible for him to ascertain the damage. The adjuster told plaintiff's wife, who alone was present at the time, to separate the damaged from the undamaged property, make an inventory of the same, and send it to him, and he would then call again and appraise the loss. He also told her she must keep the property until he did call again. The plaintiff filed an inventory of loss, which consisted of over 50 items of property, many of them containing several articles of the same kind. The total loss was placed at $532.25. This inventory was received by the defendant on April 14th, and on April 15th the adjuster called at plaintiff's residence with the inventory to fix the loss. Of the 52 items mentioned in the proof of loss, he found but 16 and a portion of another one. The remaining portion of the damaged property had been thrown away. The defendant having refused to pay under the policy, the plaintiff brought this action, and has recovered a judgment for $300 damages, besides costs.

[1, 2] The defendant pleaded as a complete defense that the contract of insurance had been broken, in that the insured had failed to exhibit to the defendant all the remains of the damaged property as required by the terms of the policy. The policy provides as follows:

"The insured, as often as required, shall exhibit to any person designated by the company all that remains of any property described in the policy."

The policy also provided that in case of fire the insured should—

"forthwith separate the damaged and undamaged personal property, put it in the best possible order, and make a complete inventory."

In an attempt to evade the provisions above expressed, or to excuse performance of the same, the plaintiff claimed that his wife, to whom the adjuster gave the instructions regarding the damaged property, was unable to understand the English language; that the burnt goods were nearly all destroyed; and that the plaintiff kept them for ten days after the loss, and then threw them out, "because they stank." The evidence is not at all clear that plaintiff's wife did not understand the English language sufficiently to enable her to follow the instructions of the adjuster. She was examined through an interpreter, but she told the court that she understood English, but could not talk it very well. The adjuster testified without contradiction that the wife

fully understood him, and that he made it very plain to her that she should keep the damaged property intact until he could examine it. Moreover, there is no requirement that the insurance company shall notify the policy holder to preserve damaged property. This is one of the provisions of the policy to be observed by the insured, and is a material part of the contract to be kept by him. It is immaterial, therefore, whether or not the plaintiff's wife or the plaintiff himself was directed by the defendant's employé to keep the property until examination was made for the purposes of appraisal. Neither was the plaintiff justified in completely destroying the damaged property under the circumstances.

But 11 days had elapsed between the date of the fire and the last visit of the adjuster, and the adjuster visited the plaintiff's premises the very next day after the receipt of the proofs of loss. There is no similarity between the circumstances in the case of Flynn v. Hanover Fire Insurance Co., 67 Misc. Rep. 117, 121 N. Y. Supp. 621, and those in the case at bar. In the Flynn Case the firemen threw a large portion of the damaged goods, which were almost totally destroyed, into the yard of the building, where they remained for three weeks, during which time persons connected with the insurance company called twice at the premises, and subsequently the débris was removed by persons unknown. It also appeared in that case that the apartment of the insured had been entirely gutted, so that he was obliged to abandon it and move into a new one. These circumstances were held by a divided court to show a substantial compliance with the policy. We fully appreciate the hardship entailed upon the plaintiff by this decision, but the words of Mr. Justice Lehman in the dissenting opinion in the Flynn Case are especially applicable to this. He said:

"If the plaintiff has by his neglect, lost a right to be reimbursed for his goods, then his position is unfortunate; but he had himself agreed to the terms upon which the company was to reimburse him, and I do not see how we can force the company to reimburse him on other terms."

Judgment reversed, with $30 costs, and complaint dismissed, with costs. All concur.