JOSEPH FUCHS, Plaintiff, *v.* SUN INSURANCE OFFICE, LIMITED, Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, October 23, 1933.

*Berthold Freier*, for the plaintiff.

*Joseph Greenhill* [*Simon Greenhill* of counsel], for the defendant.

LEWIS, JOHN M., J. The motion to dismiss is granted on the authority of *Johnson* v. *Hartford Fire Insurance Co.* (94 Misc. 163, 167).

The policy in this case provides that the insured shall give immediate notice in writing to the company of any loss or damage in order to protect the damaged property from any further damage, and shall " forthwith separate the damaged and undamaged property, put it in the best possible condition, and make a complete inventory. * * * The insured as often as may be reasonably required shall exhibit to any person designated by this company all that remains of any property described in the policy."

I find this language on all fours with that in the *Johnson* case. There is some question as to the sufficiency of the notice given to the company and the manner in which it was originally forwarded through the witness Liebler, who returned the same. Without passing on that question, I find that the plaintiff's failure to put the damaged property in the best possible order and to keep it for exhibition to the adjuster or his representatives brings the case squarely within the rule laid down in the *Johnson* case. In the authority cited therein (*Flynn* v. *Hanover Fire Ins. Co.*, 67 Misc. 117) it was said in the dissenting opinion that where the plaintiff by his neglect loses the right to be reimbursed, " then his position is

unfortunate; but he himself agreed to the terms upon which the company was to reimburse him." And it was held that the company could not be forced to reimburse him upon other terms.

It is because this case is so similar to the *Johnson* case and the question so well decided in that case by the Appellate Term that this motion to dismiss the case is granted.