Matter of Louati v State Farm Fire & Cas. Co. (2018 NY Slip Op 03908)





Matter of Louati v State Farm Fire & Cas. Co.


2018 NY Slip Op 03908


Decided on May 31, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 31, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Gesmer, Oing, JJ.


6732N 150888/16

[*1] In re Bechir Louati, Petitioner-Appellant,
v
State Farm Fire and Casualty Company, Respondent-Respondent. [And a Third Party Action]


Wilkofsky, Friedman, Karel & Cummins, New York (Jonathan Wilkofsky of counsel), for appellant.
Rivkin Radler LLP, Uniondale (Henry Mascia of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Manuel J. Mendez, J.), entered September 7, 2016, denying the petition to compel respondent to proceed with an appraisal, and dismissing the proceeding without prejudice to the commencement of a new proceeding after resolution of coverage issues in a plenary action, unanimously affirmed, without costs.
Petitioner seeks to compel respondent, which insured his home at all relevant times, to proceed with an appraisal to ascertain the amount of damages arising from petitioner's claimed covered loss to the property. The court correctly found that policy coverage issues exist that must be resolved before an appraisal can proceed (see Insurance Law § 3408[c]).
An issue exists as to whether the water damage on the floor of the first-floor bathroom was caused by a burst pipe (a covered cause of loss) or by another, excluded cause (see Matter of Pottenburgh v Dryden Mut. Ins. Co., 55 Misc 3d 775, 778 [Sup Ct, Tompkins County 2017] [citing Kawa v Nationwide Mut. Fire Ins. Co., 174 Misc 2d 407, 408-409 [Sup Ct, Erie County 1997]). An issue also exists as to whether petitioner's failure to retain the floor tiles for inspection is a basis to deny coverage (see Fuchs v Sun Ins. Off., Ltd., 149 Misc 600, 600-01 [Mun Ct, NY County 1933], citing Johnson v Hartford Fire Ins. Co., 94 Misc 163, 167 [App Term, 1st Dept 1916]).
However, to the extent the parties dispute whether it was necessary to re-tile the entire first floor when the covered loss directly affected the bathroom only, or whether it was necessary to replace any floor tiles given respondent's failure, upon inspection, to observe any damage to the floor, these disputes present factual questions that are properly decided in an appraisal (see Pottenburgh, 55 Misc 3d at 777-778; Quick Response
Commercial Div., LLC v Cincinnati Ins. Co., 2015 WL 5306093, *3-4, 2015 US Dist LEXIS 120415, *6-9 [ND NY Sept. 10, 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 31, 2018
CLERK